**NATIONAL ADVERTISING COMPANY,**
Plaintiff–Appellant,

v.

**CITY OF FORT LAUDERDALE,**
Defendant–Appellee.

No. 90–5850.

United States Court of Appeals,
Eleventh Circuit.

June 24, 1991.

---

Norman S. Klein, Klein & Tannen, P.A., Hollywood, Fla., Myron D. Cohen, Hunton & Williams, P.A., New York City, for plaintiff-appellant.

Lindsey A. Payne, Asst. City Atty., City of Fort Lauderdale, Fla., for defendant-appellee.

Before EDMONDSON, Circuit Judge, RONEY *, Senior Circuit Judge, and PITTMAN **, Senior District Judge.

PITTMAN, Senior District Judge:

National Advertising Company (National) appeals the order of the district court dismissing this case. National filed an action for declaratory and injunctive relief alleging that the sign code of the City of Ft. Lauderdale, Florida, (City) was unconstitutional. The City subsequently amended the sign code, and based on the amendments, filed a motion to dismiss for mootness. The district court granted the City's motion to dismiss. We reverse.

FACTS

Since 1974, the City has had in effect a comprehensive code regulating the use of outdoor advertising within city limits. The City's sign code effects a broad ban on outdoor advertising, allowing only "point of purchase signs, business identification signs and directional signs." *Fort Lauderdale Code* § 47–50.1(1). The sign code specifically bans all billboards, outdoor display signs, and off-site non-point of purchase signs. The sign code allows exceptions to the broad ban on off-site advertising, per-mitting changeable copy signs, message center signs, banner signs, political signs, and special promotion signs. At the time National filed its complaint, the sign code permitted advertising signs of public interest if approved by resolution of the city commission. *Id.* § 47–50.5.

National is in the business of outdoor advertising, specifically the leasing of billboards. National typically will lease or purchase property, construct a billboard, and lease its space for advertising to its customers. National's billboards are used for advertising displays, both commercial and non-commercial. In 1987 and 1988, National acquired leases to property within the City for the purpose of constructing billboards. The billboards were to be "off-site" advertisement displays containing both commercial and non-commercial messages. National subsequently filed suit seeking declaratory and injunctive relief, alleging three constitutional defects in the sign code, that it had vested rights to construct billboards, and that the sign code was unconstitutional in its entirety because the code was not severable.

After filing the lawsuit on November 7, 1988, National submitted applications for permits for the construction of twenty billboards. The City rejected the permits the day they were received because of the sign code's ban on all billboard advertising. Appellant sought review with the City's Board of Adjustment, which characterized the action as a request for variance under the City's zoning regulations. Following several steps in the application process, the requests were reviewed and rejected by the Board.

On December 20, 1988, approximately six weeks after National filed its lawsuit, the city commission enacted ordinance C–88–90 which amended the sign code. One amendment altered section 47–50.1(1), allowing any authorized sign to contain non-commercial copy in the place of commercial copy. Section 47–50.5, which permitted public interest advertising by resolution of the city

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

commission, was deleted from the City's sign code. On December 21, 1988, the City filed a suggestion of mootness and a motion to dismiss on the grounds that the amendments remedied any constitutional infirmities which may have existed in the original ordinance. On September 11, 1990, the district court granted the City's motion to dismiss on grounds that the amendments rendered National's claims moot.

## DISCUSSION

National appeals from the district court's decision, claiming the amendments did not moot this lawsuit. National also asserts that the original sign code as a whole is unconstitutional, and that under Florida law it had vested rights to construct billboards.

National contends the original sign code possesses three constitutional defects. First, National claims the code improperly favors commercial speech over non-commercial speech. National asserts that this occurs because the code permits on-site outdoor commercial advertising while prohibiting any outdoor non-commercial advertising. Second, National alleges that the exceptions to the code's prohibition on off-site advertising are content-based, impermissibly favoring certain forms of non-commercial speech over other forms of non-commercial speech. National asserts a third defect that under section 47–50.5, the city commission possesses unbridled discretion in deciding whether to permit public interest advertising. Based on these alleged constitutional infirmities, National contends that the sign code is unconstitutional. National further claims that the challenged provisions are not severable from the code; therefore, according to National the code is unconstitutional in its entirety. National further contends that if the sign code is unconstitutional in its entirety, then the sign code's ban on all billboard advertising is void. Finally, National claims that under Florida law it acquired vested rights to construct the billboards when it applied for building permits with the City.

■ The City asserts National lacks standing because the ban on all billboards is constitutional. Although the underlying purpose behind the lawsuit is to have the ban on billboards declared void, National attacks the entire sign code as an unconstitutional infringement on its rights and the rights of third parties. In *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981), the plaintiff, an owner of billboards, challenged the constitutionality of the City of San Diego's sign code. The San Diego sign code allowed on-site commercial advertising, prohibited all off-site commercial advertising, and with certain exceptions, prohibited non-commercial advertising. *Id.* at 503, 101 S.Ct. at 2890, 69 L.Ed.2d at 812. The plaintiff challenged the entire sign code as being unconstitutional because it improperly infringed on both commercial speech and non-commercial speech. *Id.* at 504, 101 S.Ct. at 2890–91, 69 L.Ed.2d at 812. The Supreme Court held the plaintiff had standing to assert both claims, noting that the Court had never held that a party with a "commercial interest" in speech cannot challenge the facial validity of a statute on the grounds that it infringes on the First Amendment rights of third parties. *Id.* at 504, n. 11, 101 S.Ct. at 2890–91, n. 11, 69 L.Ed.2d at 812–13, n. 11.

In the present case, National asserts that the sign code is facially unconstitutional because it infringes on the First Amendment rights of third parties, as well as its own free speech rights. Although National has a commercial interest in the speech regulated by the sign code, it nevertheless has the right to assert a claim, in its own behalf and for third parties, that the code is unconstitutional. Therefore, we conclude that National has standing to assert its claims.

■ On appeal, National asserts the district court erred in holding that the amendments to the sign code rendered this case moot. National contends that without a final adjudication of its claims, the City is free to enact amendments reinstating the challenged provisions of the sign code. The Constitution limits the jurisdiction of

the federal courts to actual cases and controversies. U.S. Const., art. III, § 2. To satisfy the case or controversy requirement of Article III, a plaintiff must have suffered some actual injury that can be remedied or redressed by a favorable judicial decision. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70, 104 S.Ct. 373, 374, 78 L.Ed.2d 58, 62 (1983). The test for mootness, however, is a stringent one and the voluntary cessation of allegedly illegal conduct does not moot a case. *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303, 1309 (1953).

In *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 102 S.Ct. 1070, 71 L.Ed.2d 152 (1982), the plaintiff challenged a city ordinance governing the licensing of coin-operated amusement establishments. The ordinance required the Chief of Police to consider whether license applicants had connections with criminal elements. The plaintiff claimed that the ordinance was unconstitutionally vague. While the case was being litigated, the City of Mesquite amended the ordinance.

Before reaching the merits of the plaintiff's claims, the Supreme Court dealt with the question of whether the amendment rendered the case moot. *Id.* at 288, 102 S.Ct. at 1075, 71 L.Ed.2d at 159. The Supreme Court held that the case was not rendered moot by the revisions to the ordinance, stating that

> [i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.... [T]he city's repeal of the objectionable language would not preclude it from reenacting precisely the same provision if the District Court's judgment were vacated.

*Id.* at 289, 102 S.Ct. at 1074–75, 71 L.Ed.2d at 159–60. The Court went on to hold that it should reach the merits of the case because there was no certainty that the City of Mesquite would not reenact the allegedly unconstitutional provision if it defeats federal jurisdiction. *Id.*, 102 S.Ct. at 1075, 71 L.Ed.2d at 160.

We hold that the amendments to the sign code do not render this case moot. The district court erred in holding that it lacked the constitutional power to adjudicate National's claims. The City presently possesses the power and authority to amend the sign code. It remains uncertain whether the City would return the sign code to its original form if it managed to defeat jurisdiction in this case. Neither the City nor the district court has established that the likelihood of further violations is sufficiently remote to dismiss National's claims. Therefore, we conclude that the district court should have determined National's claims on the merits.

National asserts on appeal that it has vested rights under Florida law to construct billboards. Because of the foregoing, we need not decide this issue at this time. Therefore, we conclude that, on remand, the district court is to determine whether the original sign code violates the free speech clause of the First Amendment. If the court determines that some or all of the challenged provisions are unconstitutional, it must then determine whether or not those provisions are severable from the remainder of the sign code. If the court holds that the entire sign code is unconstitutional, then the court must decide whether National has vested rights under Florida law to build billboards on its property.

CONCLUSION

We hold that the district court's order of dismissal is REVERSED, and this cause REMANDED for further proceedings consistent with this opinion.