PATRICK MEDIA GROUP, INC., a
Delaware corporation, Plaintiff,

v.

CITY OF CLEARWATER, a Florida
Municipal corporation,
Defendant.

No. 93–103–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 22, 1993.

834

Donald Edward Hemke, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, PA, Tampa, FL, for plaintiff.

Charles L. Siemon, Marcella Larsen, Siemon, Larsen & Marsh, Boca Raton, FL, for defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR ORAL ARGUMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss all Counts of the

Complaint, filed June 7, 1993, and responses thereto, filed June 30, 1993; and on Defendant's request for oral argument, filed June 7, 1993.

Defendant, City of Clearwater ("City") has moved to dismiss all Counts of Plaintiff's, Patrick Media Group, Inc., ("Patrick") Complaint, and requests oral argument thereon. The City moves to dismiss:

1. Counts I–IV for lack of jurisdiction by reason that the claims advanced thereunder are not ripe for adjudication;

2. Count V for lack of standing;

3. Counts III–V as barred by the applicable statutes of limitation;    .

4. Counts I–V under the equitable doctrine of laches;

5. Counts I and II for failure to seek compensation in state court;

6. Counts III and IV for failure to allege a protected property interest;

7. Counts III and IV for failure to plead that the alleged violation rose to the level of a constitutional tort;

8. Counts I–IV for failure to state a claim by reason that the City's seven (7) year amortization period is reasonable as a matter of law;

9. Counts I–IV for failure to allege a complete deprivation of all property interests;

10. Count V for failure to state a claim under the First Amendment;

11. Counts I–V via the exercise of the Court's discretionary power to abstain from adjudication.

■ Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, must view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Additionally, when considering a motion to dismiss, a court must consider the plaintiff's allegations as true. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

## BACKGROUND

Patrick owns and operates various outdoor advertising sign structures, or billboards, within the City of Clearwater, Florida. These billboards are located on real property in which Patrick has leasehold interests. On August 29, 1985, the City enacted Ordinance No. 4035–85 which restricts signage within the city and provides for a seven (7) year amortization period after which all non-conforming signs are required to be removed. Ordinance No. 4035–85 exempted non-conforming signs on Gulf-to-Bay Boulevard east of Highland Avenue from the removal requirement. On January 19, 1989, the City adopted Ordinance No. 4753–88 which amended Ordinance No. 4035–85 and eliminated the exemption for non-conforming signs along Gulf-to-Bay Boulevard. Patrick's billboards are considered non-conforming signs under the aforementioned ordinances and are thus required to be removed. Patrick filed applications for variances regarding the status of their signs, which the City denied. Subsequently, Patrick instituted an action in Florida state court, alleging that the subject ordinances serve to deprive it of rights guaranteed by the Florida Constitution. Patrick additionally instituted the instant litigation, alleging that the subject ordinances serve to deprive it of rights guaranteed by the federal Constitution.

## 1. RIPENESS OF CLAIMS ASSERTED IN COUNTS I–IV

The City asserts that Counts I–IV of the Complaint are not ripe for adjudication, thus defeating this Court's subject matter jurisdiction. As basis therefore, the City asserts that Patrick has failed to obtain a final decision regarding the application of the subject ordinance, and has failed to seek compensation through available state procedures.

■ A case involving constitutional issues must generally be ripe for adjudication in order to establish subject matter jurisdiction of the federal courts. *MacDonald, Sommer & Frates v. Yolo County,* 477 U.S. 340, 106 S.Ct. 2561, 91 L.Ed.2d 285 (1986); *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). In order for a Fifth Amendment takings claim to be ripe, the claimant must obtain a final order regarding the government's intention, and must utilize applicable state procedures for obtaining just compensation. *Williamson,* 473 U.S. at 186, 105 S.Ct. at 3116. *See also Eide v. Sarasota County,* 908 F.2d 716, 720–21 (11th Cir.1990) cert. denied, 498 U.S. 1120, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991). Patrick has instituted an action in state court against the City seeking just compensation for the alleged takings which also gave rise to the instant litigation. As of the date of this Order, the Florida state court has not ruled on this matter. As such, the Court finds the Plaintiff has not completely utilized the applicable state remedies for obtaining just compensation, and thus the Fifth Amendment takings claim of Count I is not ripe for adjudication. Accordingly, Count I of the Complaint is dismissed without prejudice, with leave to amend within thirty (30) days of the Florida court's final order on this issue.

■ The City also asserts that Patrick must obtain a final order and seek just compensation through available state remedies in order to maintain the claims for violations of due process, equal protection and arbitrary and capricious violation of due process of Counts II, IV and III respectively. Count IV of the Complaint alleges that the City's ordinances are not rationally related to a legitimate government purpose and violates Patrick's equal protection rights. In order to establish the ripeness of their equal protection claim, Patrick need only establish that the City has made a final decision to prohibit the utilization of billboards on the subject properties. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.

1991). The City asserts that although Patrick applied for variances, it failed to appeal the denial of the same. Patrick asserts that no such appeal is available under the ordinances, and has plead compliance with all procedural prerequisites. Viewing the allegations contained in the Complaint as true, the Court holds that Patrick has sufficiently plead compliance with all conditions precedent to maintaining this cause of action. As such, the Court denies the City's motion as to Count IV.

■ Count III alleges that the subject ordinances are invalid and serve to arbitrarily and capriciously deny Patrick of its right to due process.[1] The Eleventh Circuit has held that a claimant is not required to seek just compensation in order for such an action to be ripe. *Eide,* 908 F.2d at 722 n. 10. As stated above, the Court finds that Patrick has sufficiently plead compliance with the final order requirement for ripeness. As such, the Court denies the City's motion to dismiss Count III for lack of ripeness.

■ Count II of the Complaint alleges that the subject ordinances violate Patrick's right to due process. The City asserts that in addition to the final order requirement, Patrick must also pursue state remedies for obtaining just compensation in order for such an action to be ripe. Whether a claimant must indeed seek just compensation at the state level in order to maintain a due process takings claim is an unresolved issue in the Eleventh Circuit. *Executive 100,* 922 F.2d at 1540, n. 12; *Eide,* 908 F.2d at 721. Under the facts of the instant case, the Court holds the requirement applicable, and requires Patrick to first utilize state procedures to receive compensation for the alleged takings. In Count II, Patrick seeks compensation for the alleged takings, and requests this Court to empanel a jury to determine the appropriate amount of such compensation. In its state action, Patrick also seeks similar compensation. Thus, in order to avoid a potentially duplicative ruling and to conserve judicial resources, the Court holds Patrick's due process claim not ripe for adjudication until the state court has ruled on this issue. As

---

1. Many courts have referred to this type of claim as a substantive due process claim. *See, e.g., Williamson County,* 473 U.S. at 182 n. 4, 105 S.Ct. at 3114 n. 4; *Eide,* 908 F.2d at 722 n. 9.

such, Count II of the Complaint is dismissed without prejudice, with leave to amend within thirty (30) days of the Florida court's final order on this issue.

## 2. STANDING TO ASSERT CLAIMS ON BEHALF OF THIRD PARTY CLAIMS

■ In Count V of the Complaint, Patrick asserts that the subject ordinances serve to deprive "many people of their only effective means of communication ... in violation of their right to free speech guaranteed by the First Amendment." The City asserts that Patrick has no standing to assert claims on behalf of third parties, namely its advertisers, for the alleged deprivation of constitutionally protected rights. In *National Advertising Co. v. City of Fort Lauderdale*, 934 F.2d 283 (11th Cir.1991), the Eleventh Circuit held that an outdoor advertising company possessed standing to assert claims for the alleged violation of First Amendment rights on behalf of itself *and* its advertisers. *See also Metromedia Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981) (ruling that an owner of billboards could challenge the facial validity of a statute on the basis that it infringed on the First Amendment rights of third parties). The Court finds the aforementioned cases binding and thus denies the City's motion to dismiss on this issue.

## 3. STATUTE OF LIMITATIONS

■ The City asserts that Counts III–V should be dismissed because the applicable statute of limitations has expired. The Court notes that expiration of the applicable limitation period is most appropriately raised as an affirmative defense in responsive pleadings, and not in a motion to dismiss. *See* Fed.R.Civ.Pro. 12(b). The City asserts that Patrick's claims began to accrue from the enactment of the 1985 ordinance. Alternatively, Patrick correctly asserts that these actions did not accrue with the passage of the ordinance, but instead accrue from the time the relevant state authorities render a final decision regarding the future of the property. *See Corn v. City of Lauderdale Lakes*, 904 F.2d 585 (11th Cir.1990). Thus, the four year limitation period as provided by Florida

Statutes, section 95.11 (1991) has not expired as to these claims. Accordingly, the Court denies the City's motion to dismiss on this issue.

## 4. LACHES

■ The City asserts that Counts I–V should be dismissed under the equitable doctrine of laches. As basis therefore, the City asserts that because Patrick delayed in filing its action seven (7) years after the effective date of the initial ordinance, it was severely prejudiced by relying on the ordinance "as a means of beautifying the City." Laches requires a showing of both inexcusable delay and resulting prejudice. *See, e.g., Costello v. United States*, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). The City has failed to sufficiently show either of the above elements. Therefore, the Court declines to apply the laches doctrine and denies the City's motion to dismiss on this issue.

## 5. FAILURE TO SEEK COMPENSATION IN STATE COURT

The City moves to dismiss Counts I and II by·reason that Patrick has failed to seek compensation in state court, and thus has failed to state a claim under 42 U.S.C. § 1983. In this Order, the Court dismissed Counts I and II without prejudice. *See supra*. Accordingly, the City's motion to dismiss these Counts is denied as moot.

## 6. PROTECTED PROPERTY INTEREST

■ The City asserts that Patrick has failed to allege a protected property interest in Counts III and IV, and thus has failed to state a cause of action under 42 U.S.C. § 1983. In both Count III and IV, Patrick has incorporated paragraph seven (7) of the General Allegations of the Complaint which alleges that the "City's unconstitutional actions have destroyed ... [its] property interests." Viewed in the light most favorable to the claimant, the Court finds Patrick has sufficiently alleged deprivation of a protected property interest and accordingly denies the City's motion on this issue.

### 7. CONSTITUTIONAL TORT

■ The City asserts that Patrick has failed to plead that the alleged violation rose to the level of a constitutional tort in Counts III and IV, and thus has failed to state a claim under 42 U.S.C. § 1983. The Eleventh Circuit has held that a deprivation is of constitutional stature if the government's action does not bear a substantial relationship to the general welfare. *Executive 100,* 922 F.2d at 1541 (applying the rational basis standard to substantive due process claims). *See also Grant v. Seminole County,* 817 F.2d 731, 735 (11th Cir.1987) (applying the rational basis standard to equal protection challenges to zoning regulations). In both Counts III and IV, Patrick has alleged that the City's action bears no substantial relationship to any legitimate governmental purpose. As such, the Court finds these allegations sufficient to rise to the level of a constitutional tort. Thus, the Court denies the City's motion to dismiss on this issue.

### 8. AMORTIZATION PERIOD

■ The City asserts that the seven (7) year amortization period is sufficient, as a matter of law, to allow Patrick to recoup its investment in the subject properties, and thus, the Court should dismiss Counts I–IV for failure to state a cause of action under the Fifth and Fourteenth Amendments. Viewing the allegations in the light most favorable to Patrick, the Court declines to adopt the City's position regarding this issue, and thus denies its motion to dismiss.

### 9. FAILURE TO ALLEGE DEPRIVATION OF ALL PROPERTY INTERESTS

■ The City asserts that Patrick has failed to allege a deprivation of all use of its property interests, and thus, the Court should dismiss Counts I–IV for failure to state a cause of action under the Fifth and Fourteenth Amendments. Patrick correctly asserts that a claimant need not allege a complete deprivation of all property interests for claims of arbitrary and capricious due process and equal protection (Counts III and IV). *See, e.g., Eide,* 908 F.2d at 721–22. *See also Greenbriar, Ltd. v. City of Alabaster,*

881 F.2d 1570, 1576 n. 11 (11th Cir.1989). Further, in both Count III and IV, Patrick has incorporated paragraph seven (7) of the General Allegations of the Complaint which alleges that the "City's unconstitutional actions have destroyed ... [its] property interests." Additionally, the Court dismissed Counts I and II without prejudice in this Order. *See supra.* Thus, the Court denies the City's motion to dismiss on this issue.

### 10. FAILURE TO STATE A CLAIM UNDER THE FIRST AMENDMENT

■ The City asserts that Patrick has failed to allege the absence of any alternative medium or location for the expression of the non-commercial speech of Count V, and thus has failed to state a claim under the First Amendment. In paragraph 59 of Count V, Patrick alleges that the subject ordinances serve to deprive "many people of their *only* effective means of communication." (Emphasis added). Viewed in the light most favorable to Patrick, the Court finds the allegations of Count V sufficient to state a cause of action under the First Amendment. Accordingly, the Court denies the City's motion to dismiss regarding this issue.

### 11. ABSTENTION DOCTRINE

■ The City requests the Court to exercise its discretionary power to abstain from adjudicating this action, and thus dismiss all Counts of the Complaint. The Court declines to exercise such power and accordingly denies the City's motion.

### REQUEST FOR ORAL ARGUMENT

The City requests oral argument on its multi-issued motion to dismiss. In this Order, the Court has ruled on all issues contained in the City's motion to dismiss. As such, the request for oral argument is denied.

### JUDICIAL ECONOMY

For the purposes of judicial economy, the Court will not entertain any further motions by either party until the Florida court enters final judgment in the state action arising from the common nucleus of operative facts

at issue in the instant action. Accordingly, it is

**ORDERED** that the City's motion to dismiss Counts I and II for lack of jurisdiction by reason that the claims advanced thereunder are not ripe for adjudication is **granted**; it is further

**ORDERED** that the City's motion to dismiss Counts III and IV for lack of jurisdiction by reason that the claims advanced thereunder are not ripe for adjudication is **denied**; it is further

**ORDERED** that the City's motion to dismiss the third party claims of Count V is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts III–V as barred by the applicable statute of limitations is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts I–V under the doctrine of laches is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts I and II for failure to seek compensation at the state level is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts III and IV for failure to allege a protected property interest is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts III and IV for failure to plead that the alleged deprivation is of constitutional stature is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts I–V by reason that the amortization period is sufficient to defeat all such claims as a matter of law is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts I–IV for failure to allege a protected property interest is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts I–IV for failure to state a cognizable claim under the First Amendment is **denied**; it is further

**ORDERED** that the City's motion to dismiss Counts I–V under the abstention doctrine is **denied**; it is further

**ORDERED** that the City's request for oral argument is **denied**; it is further

**ORDERED** that this Court will not entertain any further motions from either party until the Florida court enters final judgement regarding Patrick's state claim against the City involving the common nucleus of operative facts giving rise to the instant litigation.

**DONE AND ORDERED.**