SOCIALIST WORKERS PARTY, a minor political party; Laura Garza, individually, and as Chairperson of the Socialist Workers Party; Tom Fiske, individually, and as Treasurer of the Socialist Workers Party; Florida Green Party, a minor political party; Allen Joseph, individually, and as Chairperson of the Florida Green Party; and Patricia Sanphy, individually, and as Treasurer of the Florida Green Party, Plaintiffs,

v.

David LEAHY, Supervisor of Elections, Dade County, Florida, individually, and on behalf of all other supervisors of elections in the State of Florida; and Jim Smith, individually, and in his official capacity as Secretary of State, Defendants.

No. 92–1451–CIV–MOORE.

United States District Court,
S.D. Florida,
Miami Division.

May 24, 1996.

Randall C. Berg, Jr., Florida Justice Inst. Inc., Miami, FL, for plaintiffs.

George L. Waas, Office of the Attorney General, Department of Legal Affairs, Tallahassee, FL, and William X. Candella, Dade County Attorneys Office, Miami, FL, for defendants.

## *ORDER*

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Parties Cross–Motions for Summary Judgment (Docket Nos. 74, 78, and 102).

THE COURT has considered the Motions, responses, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the said Motions be disposed of as follows.

### STATEMENT OF THE CASE

This is an action brought by two minor political parties, their chairpersons, and treasurers against the Dade County Supervisor of Elections and the Florida Secretary of State. Plaintiffs challenge the constitutionality of two Florida elections laws and seek declaratory and injunctive relief. Fla.Stat. § 99.097(4) of the Florida Statutes requires a candidate or minor political party to pay ten cents to check each signature in a petition submitted by that party or candidate for access to a statewide ballot. The statute provides that a candidate who certifies that he or she is unable to pay such a fee will be entitled to signature verification at no charge. However, this fee waiver procedure is not available to a minor political party petitioning for a slate of its candidates to appear on a ballot. The second statute at issue requires a minimum $10,000.00 fidelity bond to be furnished by the state chairperson and treasurer of a political party as well as a $5,000.00 bond at the county level. Fla.Stat.

Ch. 103.121(3). This minimum bond amount applies regardless of the size of the party.

## SUMMARY JUDGMENT STANDARD

■ Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." To obtain summary judgment, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ In assessing whether the movant has met this burden, the Court views the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* The party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly supported the motion with sufficient evidence. *Id.* at 160, 90 S.Ct. at 1610. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the nonmoving party has introduced no evidence whatsoever. *Clemons v. Dougherty County, Ga.,* 684 F.2d 1365, 1368–69 (11th Cir.1982).

## SIGNATURE VERIFICATION FEE

■ In October of 1992, the Eleventh Circuit issued its decision in *Fulani v. Krivanek,* 973 F.2d 1539 (11th Cir.1992). In that case the court found that section 99.097(4) of the Florida Statutes violated equal protection insofar as it denies a minor political party the option of having the signature verification fee waived. *Id.* at 1547. Pursuant to the mandate of the Eleventh Circuit, Judge Merryday of the United States District Court for the Middle District of Florida issued an Order in November of 1992, permanently enjoining all Florida elections supervisors from enforcing that part of Fla.Stat. § 99.097(4) denying minor political parties the fee-waiver option. This order renders a decision on the same statutory provision moot in the instant case. *Westmoreland v. National Transportation Safety Board,* 833 F.2d 1461 (11th Cir.1987). Plaintiffs assert a fear that the Fulani decision will not protect them in future elections because that case was not styled as a class action and because it did not include the Florida's Secretary of State as a Defendant. The Judgement After Remand issued by Judge Merryday clearly settles the first matter in that it permanently enjoins all supervisors of elections from enforcing the unconstitutional provision with respect to any minor political party. On Plaintiffs' second point, the statute in question here applies only to supervisors of elections and not to the Secretary of State, as a plain reading of Fla.Stat. §§ 99.096–99.097 makes clear. Candidates seeking ballot access by petition are required to file a separate petition to the supervisor of elections in each county from which signatures are sought. § 99.096(3). It is the elections supervisors' responsibility to verify the signatures submitted. Id. § 99.097(4) provides that the waiver of the signature verification fee is a matter for determination by the local supervisor of elections. The involvement of the Secretary of State in this process is limited to reimbursing a county for any waived verification fees. The Secretary has no power to enforce this provision as is made evident by Fla.Stat. § 97.012. That statute lists the responsibilities of the Secretary of State with respect to the election code. The Secretary is tasked with obtaining and maintaining "uniformity in the application, operation, and interpretation of the election laws." § 97.012(2). There is nothing in Florida's election laws which suggests that enforcing the signature verification fee is a duty or even a power of the Secretary of State. Thus, an injunction preventing that official from such enforcement would be completely meaningless.[1]

---

1. Plaintiffs had originally argued against summary judgment on the additional basis that they were entitled to a refund of money they had paid for signature verification. This point is now moot as Plaintiffs admit that those funds have been returned to them. (Plaintiffs' Response in Opposition to Defendant Leahy's Motion for Summary Judgment at p. 2 n. 1 (Docket No. 110)). Evidence of the refund has been provide by Defendant Leahy. (Att. 2 to Defendant Leahy's Response in Opposition to Plaintiff's Motion for Summary Judgment (Docket no. 92)).

## PERFORMANCE BOND

Florida Statutes Section 103.121(3) purports to require the chairperson and treasurer of the state executive committee of any political party to file a minimum $10,000.00 performance bond. The statute also requires the chairperson and treasurer of a party's county executive committee to file a similar bond with a minimum value of $5,000.00. Plaintiffs claim that these bonding requirements violate Fourteenth Amendment due process and equal protection rights as well as the First Amendment right to associate freely. Defendant Smith moves for summary judgment on the basis that the Secretary of State has no enforcement authority regarding this statute and in any event has no intention of enforcing it. Defendant Leahy argues that Dade County has not and will not enforce the provision.

Plaintiffs seek both a declaration that this statute is unconstitutional as applied to them and an injunction preventing its enforcement in the future. (3d Amd.Cmplt. at p. 16, 17). In order for a court to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 there must exist an actual case or controversy in the constitutional sense. *Public Service Comm. of Utah v. Wycoff Co.*, 344 U.S. 237, 242, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952). Claims based merely upon assumed potential invasions of rights are not enough to warrant judicial intervention. *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688 (1936). Courts have been warned to avoid imposition of their jurisdiction through obtaining futile or premature interventions, especially in the field of public law. *Wycoff*, 344 U.S. at 243, 73 S.Ct. at 240. When the requested declaratory relief is not for the ultimate determination of rights but for preliminary findings and conclusions intended to fortify the litigant against future regulation, it would be a rare case in which the relief should be granted. *Wycoff*, 344 U.S. at 246, 73 S.Ct. at 241. A decision on whether to grant declaratory relief is committed to the sound discretion of the trial court. *A.L. Mechling Barge Lines v. United States*, 368 U.S. 324, 331, 82 S.Ct. 337, 342, 7 L.Ed.2d 317 (1961).

Defendants have submitted uncontroverted evidence indicating that Fla.Stat. 103.121 has not been enforced with respect to any political party, much less the Plaintiffs presently before the Court. Both the Socialist Workers Party and the Florida Green Party are registered with the state of Florida as political parties. (Notice of Filing Certified Records (Docket No. 85)). Neither the state nor Dade County has taken any action against either party for failure to comply with the statute and neither has any intention of enforcing it in the future. (Aff. of Dorothy Joyce, exhibit 1 to Plaintiffs' Notice of Filing, at p. 48 (Docket no. 81), and Aff. of David Leahy at ¶¶ 5,6 (Att. 2 to Docket no. 92)). Indeed, the state's position is that is has no enforcement authority with respect to the bonding provision. (Joyce aff. at pp. 5,6,44). Plaintiffs' motivation behind this part of the lawsuit seems to be the fear that Defendants could conceivably take some sort of enforcement action against them at some time in the future. (Amended Declaration of Laura Garza at ¶ 14 (Docket no. 107), and Declaration of Allen Joseph (ex. 3 to Docket no. 81)). The Court therefore finds that insofar as there has been no evidence of the application or even threatened application of Fla.Stat. § 103.121(3), Plaintiffs have not demonstrated an actual "case or controversy" necessary to invoke the jurisdiction of the Court. *Wycoff*, 344 U.S. at 242, 73 S.Ct. at 239.

For the reasons stated above, summary judgment is hereby GRANTED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFFS. This case is CLOSED. All pending motions are DENIED AS MOOT.

DONE AND ORDERED.