**SOCIALIST WORKERS PARTY, et al., Plaintiffs,**

v.

**David LEAHY, et al., Defendants.**

No. 92–1451–CIV.

United States District Court, S.D. Florida.

Jan. 14, 1997.

Randall C. Berg, Jr., Florida Justice Institute, Inc., Miami, FL, Curtis Carlson, Julie A. Moxley, Carlson Bales & Schwed, P.A., Miami, FL, for Plaintiffs.

George Waas, Asst. Atty. Gen., Tallahassee, FL, William X. Candela, Asst. County Atty., Miami, FL, for Defendants.

## ORDER

K. MICHAEL MOORE, District Judge.

This action is before the Court on Plaintiffs' Motion for Reconsideration (D.E. 126), Plaintiffs' Emergency Motion for Relief Based on Fraud and Emergency Motion For Preliminary Injunction (D.E. 130) and Plaintiffs' Motion for Final Order (D.E. 148). Defendants moved for the imposition of Rule 11 sanctions against plaintiffs' counsel (D.E. 135). A status conference was held before the Court on August 26, 1996.

The Court has considered the Motions, responses, the parties' representations at the conference, and the pertinent portions of the record, and being otherwise fully advised in the premises, the motions are disposed of as follows.

STATEMENT OF THE CASE

The Court granted defendants' motion for summary judgment by Order dated May 24, 1996. The facts are set forth in this Court's prior order, *Socialist Workers Party, et al. v. Leahy, et al.*, 927 F.Supp. 1554 (S.D.Fla. 1996), and will not be repeated. On June 13, 1996, plaintiffs sought reconsideration only of the portion of this Court's order that granted defendants' motion for summary judgment on the ground that there was no Article III case or controversy. On July 1, 1996, plaintiffs filed an Emergency Motion For Relief from Judgment Based on Fraud and an Emergency Motion for a Preliminary Injunction Order (D.E. 130). Plaintiffs sought relief from judgment pursuant to Fed.R.Civ.P. 60(b) and a preliminary injunction pursuant to Fed.R.Civ.P. 65. These motions were based in part on a June 20, 1996 letter from the Division of Elections to plaintiffs.[1] On August 27, the Florida Department of State sent a letter to the recipients of the June 20 letter, stating that the June 20 letter was sent in error and adding that the Division of Elections would take no action against a minor political party for failure to file the bond. No party to this action has identified any enforcement action that was taken, or is being threatened, by any person with respect to the statute in question.

DISCUSSION

■■■ On a motion for reconsideration, a party:

must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' *Cover v. Wal–Mart Stores. Inc.*, 148 F.R.D. 294 (M.D.Fla.1993). A motion for reconsideration should raise new issues, not merely address issues litigated previously. *Government Personnel Services, Inc. v. Government Personnel Mutual Life Ins. Co.*, 759 F.Supp. 792, 793 (M.D.Fla.1991).

*PaineWebber Income Properties v. Mobil Oil Corp.*, 902 F.Supp. 1514 (M.D.Fla.1995); *Scheck v. Burger King Corp.*, 798 F.Supp. 692, 693 n. 2 (S.D.Fla.1992) (reconsideration motion serves to "correct manifest errors of law or fact or to present newly discovered evidence" but "should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision"). Since plaintiffs' motion for reconsideration raises no new issues for the Court, the Motion for Reconsideration is DENIED.

Plaintiffs moved for relief from judgment pursuant to Federal Rule of Civil Procedure

---

1. The June 20, 1996 letter (D.E. 128) stated:
 A review of our records reflects that a copy of the $10,000 bond has not been filed with this office. This bond is required by law pursuant to Section 103.121(3), Florida Statutes. Failure to file a copy of the bond will result in removal of your minor party status with this state. If you have any questions, please do not hesitate to contact this office.

60(b). This rule provides, in pertinent part, that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).[2] Based on the affidavits and other submissions to the Court and counsel's representations at the conference, the Court finds that Plaintiffs have failed to prove fraud or mistake to warrant relief from judgment.

 The remaining question is whether the June 20 letter, sent in error and retracted, alters the posture of this case and makes plaintiffs' alleged fear of enforcement "actual and imminent."[3] If so, plaintiffs have standing to pursue their constitutional claim and relief from judgment is warranted. Plaintiffs argue that the June 20 letter typifies the very harm they seek to forestall by the adjudication of the constitutionality of the statute in question: the danger that even if the current administration has no intention of enforcing the statute, a future administration could adopt a different policy and enforce the statute, thus harming plaintiffs, minor political parties that have not filed a performance bond.

Plaintiffs have demonstrated no actual harm to them from the existence of the statute. Plaintiffs are registered minor political parties with the State of Florida. Plaintiffs have not filed a performance bond and have been denied no benefit or privilege that may accompany that filing.

Plaintiffs' threatened harm is not justiciable. The statute has not been enforced in the past. Plaintiffs' "subjective chill, fear, is not sufficient. It is the enforcement of an allegedly unconstitutional statute, 'past or immediately threatened,' that causes the injury entitling those in the line of fire to seek judicial relief." *American Library Ass'n v. Barr*, 956 F.2d 1178, 1196 (D.C.Cir.1992) (citation omitted); *International Society for Krishna Consciousness v. Eaves*, 601 F.2d 809, 818 (5th Cir.1979) (court must ask whether "plaintiff is seriously interested in disobeying, and the defendant seriously intent on enforcing the challenged measure").[4]

Given these facts, there is no basis for relief from judgment. The evidence before this Court remains uncontroverted; there is no evidence that any "political party has ever been denied ballot access in this state because of said party failing to post a bond as required by Section 103.121, Florida Statutes." Affidavit of Dorothy W. Joyce, Exh. B to Defendant Smith's Motion To Dismiss Or Alternatively, Motion For Summary Judgment (D.E. 54); *see* Affidavit of Ethel Baxter, ¶¶ 3–7 (D.E. 99). Defendant Leahy, County Supervisor of Elections, has never

---

**2.** Although the moving papers assert only fraud or mistake, counsel for plaintiffs asserted subdivision (6) as a basis for this Court's granting relief from judgment at the status conference.

**3.** For a case or controversy to exist, the plaintiffs must show that they have, in fact, been injured by defendants' challenged conduct. *Sierra Club v. Morton*, 405 U.S. 727, 734–35, 92 S.Ct. 1361, 1366, 31 L.Ed.2d 636 (1972); *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). Such injury must be "'distinct and palpable,'... as opposed to merely '[a]bstract,'... and the alleged harm must be actual or imminent, not 'conjectural' or 'hypothetical.'" *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 1723, 109 L.Ed.2d 135 (1990); *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir.1990). Claims based on speculative or hypothetical harm are not ripe for judicial review. *Association for Children for En-*

*forcement of Support, Inc. v. Conger*, 899 F.2d 1164, 1165 (11th Cir.1990).

**4.** Indeed, the cases relied upon by plaintiff are distinguishable. In *ACLU v. The Florida Bar*, 999 F.2d 1486, 1492–93 (11th Cir.1993), *Dimmitt v. City of Clearwater*, 985 F.2d 1565 (11th Cir.1993) and *Solomon v. City of Gainesville*, 763 F.2d 1212 (11th Cir.1985), the challenged legislation had been enforced in the past and plaintiffs had either been threatened with enforcement prior to commencement of the action or had acted to avoid such enforcement. In *National Advertising Co. v. City of Fort Lauderdale*, 934 F.2d 283, 285–86 (11th Cir.1991), the lower court's dismissal on mootness grounds was reversed because the likelihood of further violations was not sufficiently remote. As the statute at issue herein has not been enforced and is not being enforced, the threatened harm is sufficiently remote to warrant dismissal.

enforced nor threatened to enforced Fl. Stat. 103.121(3) and has no intention of enforcing it or threatening to enforce it in the future. Affidavit of David Leahy, ¶¶ 5–6, attachment 3 to D.E. 92. Accordingly, there is no basis for relief from judgment because any fear of threatened harm is remote and conjectural. The motion for relief from judgment is DENIED.

There is no "substantial threat of irreparable harm" if a preliminary injunction is not issued. The motion for preliminary injunction is DENIED.

Defendant State's motion for Rule 11 sanctions is DENIED without prejudice for failure to comply with the statutory requirements of Rule 11. Fed.R.Civ.P. 11; *Elliott v. Tilton,* 64 F.3d 213, 216 (5th Cir.1995); *Rondolino v. Provident Life and Accident Ins. Co.,* No. 92–1010, 1994 WL 143066 (M.D.Fla. Apr. 11, 1994), at *2.

It is, therefore,

ORDERED AND ADJUDGED that Plaintiffs' Motion for Reconsideration is DENIED; Plaintiffs' Emergency Motion for Relief Based on Fraud is DENIED; that Plaintiff's Emergency Motion For Preliminary Injunction is DENIED; Plaintiffs' Motion for Final Order is GRANTED; and Defendant's Motion for the imposition of Rule 11 sanctions against plaintiffs' counsel is DENIED.