**LAMAR ADVERTISING OF MOBILE, INC. and TLC Properties, Inc., Plaintiffs,**

v.

**CITY OF LAKELAND, FLORIDA, a municipal corporation, Defendant.**

**No. 97–721–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Oct. 7, 1999.

Gerald S. Livingston, Gerald S. Livingston, P.A., Orlando, FL, Eric M. Rubin, Walter E. Diercks, Darrin N. Sacks, Lolita D. Smith, Rubin, Winston, Diercks, Harris & Cooke, L.L.P., Washington, DC, Aileen M. Reilly, Livingston & Associates, P.A., Orlando, FL, for plaintiffs.

Mark Nelson Miller, Stephen B. French, Christine C. Daly, Lane, Trohn, Bertrand & Vreeland, P.A., Lakeland, FL, for defendant.

## ORDER

KOVACHEVICH, Chief Judge.

This cause comes before the Court on the following:

1. Defendant City of Lakeland, Florida's motion for reconsideration (Docket No. 156), Plaintiffs Lamar Advertising of Mobile, Inc. [hereinafter "Lamar"] and TLC Properties, Inc. [hereinafter TLC]'s response and motion to strike (Docket No. 158), and Defendant's reply and motion to strike (Docket No. 160);

2. Plaintiffs' motion for reconsideration (Docket No. 157) and Defendant's response (Docket No. 159);

3. Defendant's motion for leave to file a supplemental motion for summary judgment (Docket No. 161) and Plaintiffs' response (Docket No. 162); and

4. Plaintiffs' motion for leave to file a third amended complaint and supporting memorandum (Docket Nos. 163–164) and Defendant's response.

## BACKGROUND

### I. Statutory Framework

Section 166.041(c), Florida Statutes, creates particular procedural requirements that must be followed for an ordinance rezoning private property or changing permitted use categories to be validly enacted. Where such a proposed ordinance would affect more than five (5) percent of the total land area of a municipality, notice and a hearing must be provided according to the following procedures:

a. The local governing body shall hold two advertised public hearings on a proposed ordinance. Both hearings shall be held after 5 p.m. on a weekday, and the first shall be held approximately 7 days after the day that the first advertisement is published. The second hearing shall be held approximately 2 weeks after the first hearing and shall be advertised approximately 5 days prior to the public hearing. The day, time, and place at which the

second public hearing will be held shall be announced at the first public hearing.

b. The required advertisements shall be no less than one-quarter page in a standard size or a tabloid size newspaper, and the headline in the advertisement shall be in type no smaller than 18 point. The advertisement shall not be placed in that portion of the newspaper where legal notices and classified advertisements appear. The advertisement shall be published in a newspaper of general paid circulation in the municipality and of general interest and readership in the community, not one of limited subject matter, pursuant to chapter 50. It is the legislative intent that, whenever possible, the advertisement appear in a newspaper that is published at least 5 days a week unless the only newspaper in the municipality is published less than 5 days a week. The advertisement shall be in substantially the following form:

### NOTICE OF (TYPE OF) CHANGE

The ... (name of local governmental unit) ... proposes to adopt the following ordinance: ... (title of the ordinance) ....
A public hearing on the ordinance will be held on ... (date and time) ... at ... (meeting place)....

Except for amendments which change the actual list of permitted, conditional, or prohibited uses within a zoning category, the advertisement shall contain a geographic location map which clearly indicates the area covered by the proposed ordinance. The map shall include major street names as a means of identification of the general area.

§ 166.041(c)2.

■ "Under Florida law, strict compliance with the notice requirements of the state statute is a jurisdictional and mandatory prerequisite to the valid enactment of a zoning measure." *Southern Entertainment Co. of Florida, Inc. v. City of Boynton Beach,* 736 F.Supp. 1094, 1102 (S.D.Fla.1990). "Failure to follow the state statutory notice requirements render[s] a zoning ordinance void." *Id.* "Florida's statement of the general rule in terms of jurisdiction dictates the conclusion that there are no circumstances under which noncompliance with the statute may be excused so as to result in the passage of a valid zoning ordinance." *Id.*

II. Statement of Facts

This case arises out of several sign ordinances enacted by Defendant, the City of Lakeland, Florida. The first of the ordinances relevant to this case were two ordinances passed in 1990. The provisions of these two ordinances were originally contained in one proposed ordinance, Proposed Ordinance 90–29. The original Proposed Ordinance 90–29 included amendments to the sign ordinance concerning both "billboards" and "other signs."

With regard to billboards, the original Proposed Ordinance 90–29 prohibited the construction of any new billboards within the City of Lakeland. It required further that all billboards already existing in the City of Lakeland, except for billboards along Interstate 4, be removed within seven (7) years of the date of adoption of the ordinance. It provided that a billboard that became damaged or was destroyed could not be rebuilt if the expense of reconstruction exceeded fifty (50) percent of the cost of the reproduction and installation cost of the billboard.

On March 12, 1990, Defendant published the following advertisement in a Lakeland newspaper:

### NOTICE OF PROPOSED USE CHANGE

THE CITY OF LAKELAND proposes to change the permitted use of the land within the corporate limits of Lakeland, as shown on the map included with this advertisement. The City proposes to amend various provisions of the City of Lakeland Sign Ordinance as it generally relates to permitted signage, including but not limited to providing conditions related to billboards and on-premises signs, signs erected or projecting over public right-of-way, temporary point of purchase signs, illuminated signs, abandoned non-conforming and abandoned conforming signs, non-conforming signs, prohibited signs, and motor vehicle service stations and convenience

stores which dispense motor vehicle fuels from pumps. Additionally, the City may consider an alternative proposal to extend the present moratorium on issuance of permits for off-premises advertising signs (billboards), presently scheduled to expire on April 3, 1990.

The Public Hearing on the permitted use change will be held on March 19, 1990, commencing at 5:01 P.M. or as soon thereafter as possible in the City Commission Room at City Hall, 228 South Massachusetts Avenue, Lakeland, Florida.

Any person who may appeal a decision made at this meeting should see there is a record made of the proceedings. A verbatim record may be necessary.

The advertisement included a map showing which areas would be affected by the proposed changes.

On the morning of March 19, 1990, the City Commission decided, at its regularly scheduled meeting, to divide Proposed Ordinance 90–29 into two separate ordinances. What had been Proposed Ordinance 90–29 was split into what became the new Proposed Ordinance 90–29 and Proposed Ordinance 90–30. The new Proposed Ordinance 90–29 concerned only "other signs," and Proposed Ordinance 90–30 contained all of the provisions regarding billboards.

The City Commission took comments on the new Proposed Ordinance 90–29 and Proposed Ordinance 90–30 at the public hearing on the evening of March 19, 1990. At that meeting, the vote on Proposed Ordinance 90–29, was four in favor, two against, and one abstention. The vote on Proposed Ordinance 90–30 was six in favor and one against.

The Planning and Zoning Board held a public hearing on the new Proposed Ordinance 90–29 and Proposed Ordinance 90–30 on March 20, 1990. It concluded that the proposed ordinances complied with the City's Comprehensive Plan.

On March 23, 1990, Defendant published the following advertisement in a Lakeland newspaper:

PUBLIC NOTICE

NOTICE IS HEREBY GIVEN that the City Commission of the City of Lakeland, Florida, will consider passage of the following ordinance(s) at a City Commission meeting which commences at 5:01 P.M. on Monday, April 2, 1990, in the City Commission Room at City Hall, Lakeland, Florida:

2. PROPOSED ORDINANCE NO. 90–29: AN ORDINANCE RELATING TO PERMITTED USES; AMENDING ORDINANCE 1947, AS AMENDED, OF THE CITY OF LAKELAND, FLORIDA; AMENDING SECTION I, AS TO PURPOSE AND INTENT; AMENDING SECTION II.24, AND ADDING SECTION III.A.3, PROVIDING CONDITIONS FOR SIGNS ERECTED WITHIN OR PROJECTING OVER PUBLIC RIGHT–OF–WAY; AMENDING SECTION III.A.5, PROVIDING CONDITIONS FOR TEMPORARY POINT OF PURCHASE ADVERTISING SIGNS; AMENDING SECTION IIIA.6.e, PROVIDING CONDITIONS FOR ILLUMINATED SIGNS; AMENDING SECTION III.A.7; PROVIDING CONDITIONS FOR ABANDONED NON–CONFORMING SIGNS; REPEALING SECTION III.A.8.a OF ORDINANCE 1947; CREATING SECTIONS III.A.8.a and b OF ORDINANCE 1947, PROVIDING CONDITIONS FOR ABANDONED CONFORMING SIGNS; REPEALING SECTION III.A.9 OF ORDINANCE 1947; CREATING SECTION III.A.9 OF ORDINANCE 1947, PROVIDING FOR NONCONFORMING SIGNS, PROVIDING EXEMPTIONS, PROVIDING FOR LANDMARK SIGNS, PROVIDING APPLICATION PROCEDURE, PROVIDING AN APPEAL PROCEDURE; AMENDING SECTION III.B, PROVIDING CONDITIONS FOR PROHIBITED SIGNS; REPEALING SECTION

III.C..c OF ORDINANCE 1947; CREATING SECTION IV.D.1.1, PROVIDING CONDITIONS FOR MOTOR VEHICLE SERVICE STATIONS AND CONVENIENCE STORES WHICH DISPENSE MOTOR VEHICLE FUELS FROM PUMPS; AMENDING SECTION IV.F.2, PROVIDING FOR PLANNED UNIT DEVELOPMENT ZONING DISTRICT SIGN REGULATIONS; AMENDING SECTION V.D, PROVIDING FOR ENFORCEMENT; FINDING CONFORMITY WITH THE COMPREHENSIVE PLAN; PROVIDING AN EFFECTIVE DATE.

3. PROPOSED ORDINANCE NO. 90–29; AN ORDINANCE RELATING TO PERMITTED USES; AMENDING ORDINANCE 1947, AS AMENDED, OF THE CITY OF LAKELAND, FLORIDA; AMENDING SECTION II.7, PROVIDING FOR REVISED DEFINITION; REPEALING SECTIONS III.A.8.c. AND d. OF ORDINANCE 1947 CREATING SECTIONS III. A.9.D., e and f, PROHIBITING CONSTRUCTION OF BILLBOARDS WITHIN THE CITY; PROVIDING CONDITIONS; PROVIDING FOR ELIMINATION OF EXISTING BILLBOARDS; PROVIDING FOR REMOVAL OF BILLBOARDS LOCATED ON FEDERAL AID PRIMARY SYSTEM; PROVIDING FOR MAINTENANCE OF EXISTING BILLBOARDS; PROVIDING FOR REMOVAL OF EXISTING BILLBOARDS WITHIN C–1, C–1A AND PUD ZONING DISTRICTS; PROVIDING FOR REMOVAL OF EXISTING BILLBOARDS LOCATED ON RESIDENTIALLY ZONED PROPERTIES; PROVIDING CONDITIONS FOR REESTABLISHMENT OF DAMAGED OR DESTROYED BILLBOARDS; PROVIDING FOR CONDITIONS FOR BILLBOARDS WITHIN ANNEXED AREAS; PROVIDING CONDITIONS FOR OTHER NON–CONFORMING OFF–PREMISES SIGNS; AMENDING SECTION III.B.4, PROVIDING FOR PROHIBITION OF BILLBOARDS; REPEALING SECTION IV.D.2 OF ORDINANCE 1947; AMENDING SECTION V.D.4.g, PROVIDING FOR ENFORCEMENT OF REMOVAL OF PROHIBITED SIGNS AND TERMINATION OF UNLAWFULLY ILLUMINATED SIGNS; FINDING CONFORMITY WITH THE COMPREHENSIVE PLAN; PROVIDING AN EFFECTIVE DATE.

INTERESTED PERSONS may inspect such proposed ordinances at the City Attorney's Office in City Hall and may appear and be heard at the meeting with respect to the proposed ordinances. Any person who may appeal a decision made at this meeting should see there is a record made of the proceedings.

No map of the affected areas accompanied the March 23, 1990, advertisement.

On March 28, Defendant published an advertisement regarding the proposed changes that was essentially identical to the advertisement published on March 12, 1990, except that it referred only to the second public hearing, scheduled for April 2, 1990. The advertisement included a map showing which areas of the City would be affected by the proposed changes.

On April 2, 1990, the City Commission held the second public hearing regarding the new Proposed Ordinance 90–29 and Proposed Ordinance 90–30. The new Proposed Ordinance 90–29 was adopted, with a vote of five (5) in favor, one (1) opposed, and one (1) absent. Likewise, Proposed Ordinance 90–30 passed, with a vote of four (4) in favor, one (1) opposed, one (1) abstaining, and one (1) absent. On adoption, the ordinances became Ordinances 3188 and 3199 [hereinafter "the 1990 Ordinances"].

Under the amendments to the Defendant's sign ordinance contained in the 1990 Ordinances, billboards owned by Plaintiff Lamar, situated on land leased from Plaintiff TLC, were considered non-conforming. On February 28, 1997, Defendant notified Plaintiff Lamar by letter of its intention to enforce the 1990 Ordinances against the billboards owned by Plaintiff Lamar.

In 1997, Defendant enacted Ordinance 3858 [hereinafter "the 1997 Ordinance"], amending its sign ordinance. The 1997 Ordinance made two changes to the Defendant's sign ordinance as it pertained to billboards. First, an additional subsection was added to allow a billboard owner to apply for a permit to replace a nonconforming billboard with a conforming on-premises sign displaying a commercial message. Second, the definition of "billboard" was changed by removing the sentence stating that "[b]illboards shall not include any sign, display, or device erected by the City of Lakeland." This Court has previously held that the Defendant complied with all necessary procedural requirements before enacting the 1997 Ordinance. (*See* Docket No. 155, at 16–17).

In 1998, Defendant enacted Ordinance 3889 [hereinafter "the 1998 Ordinance"]. The 1998 Ordinance once again altered the definition of "billboard," this time by replacing the sentence that had been removed in the 1997 Ordinance, stating that "[b]illboards shall not include any sign, display, or device erected by the City of Lakeland." This Court has previously held that the Defendant complied with all necessary procedural requirements before enacting the 1998 Ordinance. (*See* Docket No. 155, at 17–18).

Defendant now states that it has recently enacted Ordinance 4052 [hereinafter "the 1999 Ordinance"]. The 1999 Ordinance changes the title of the section previously titled "Political Campaign Signs" to "Temporary Signs." Defendant asserts that the 1999 sign ordinance removes any distinction in the City's sign ordinances between temporary political campaign signs and other temporary, noncommercial signs.

## III. Procedural History

Plaintiffs filed their complaint on March 31, 1997. (Docket No. 1). On May 12, 1997, Defendant filed a motion to dismiss. (Docket No. 10). On September 30, 1997, the Court entered an Order granting in part Defendant's Motion to Dismiss, and granting Plaintiffs leave to file an amended complaint. (Docket No. 31).

Plaintiffs filed an amended complaint on October 21, 1997 (Docket No. 31), and with leave of the Court, filed a second amended complaint on February 17, 1998, (Docket No. 68). The second amended complaint included the following counts:

| | |
|---|---|
| Count I: | Violation of First and Fourteenth Amendments by 1990 Ordinances (failure to directly advance stated governmental purpose and lack of narrow tailoring) |
| Count II: | Violation of First and Fourteenth Amendments by 1990 Ordinances (content-based regulation of speech) |
| Count III: | Violation of First and Fourteenth Amendments by 1990 Ordinances (discrimination in favor of commercial speech on on-premises signs over noncommercial speech on billboards) |
| Count IV: | Violation of First and Fourteenth Amendments by 1990 Ordinances (discrimination in favor of political campaign signs over other noncommercial speech) |
| Count V: | Violation of Fifth and Fourteenth Amendments by 1990 Ordinances (takings) |
| Count VI: | Violation of procedural requirements by 1990 Ordinances (failure to provide notice) |
| Count VII: | Violation of procedural requirements by 1990 Ordinances (failure to refer proposed revisions to zoning code to local land planning agency) |
| Count VIII: | Violation of First and Fourteenth Amendments by 1997 Ordinance (failure to directly advance stated governmental purpose and lack of narrow tailoring) |
| Count IX: | Violation of First and Fourteenth Amendments by 1997 Ordinance (content-based regulation of speech) |
| Count X: | Violation of First and Fourteenth Amendments by 1997 Ordinance (discrimination in favor of commercial speech on on-premises signs over noncommercial speech on billboards) |
| Count XI: | Violation of First and Fourteenth Amendments by 1997 Ordinance (dis- |

crimination in favor of political campaign signs over other noncommercial speech)

Count XII: Violation of Fifth and Fourteenth Amendments by 1997 Ordinance (takings)

Count XIII: Violation of procedural requirements by 1997 Ordinance (failure to provide notice)

Count XIV: Violation of Florida Public Meeting Law with respect to 1997 Ordinance

Count XV: Violation of procedural requirements by 1997 Ordinance (failure to refer proposed revisions to zoning code to local land planning agency)

Count XVI: Violation of First and Fourteenth Amendments by 1998 Ordinance (failure to directly advance stated governmental purpose and lack of narrow tailoring)

Count XVII: Violation of First and Fourteenth Amendments by 1998 Ordinance (content-based regulation of speech)

Count XVIII: Violation of First and Fourteenth Amendments by 1998 Ordinance (discrimination in favor of commercial speech on on-premises signs over other speech)

Count XIX: Violation of First and Fourteenth Amendments by 1998 Ordinance (discrimination in favor of political campaign signs over other noncommercial speech)

Count XX: Violation of Fifth and Fourteenth Amendments by 1998 Ordinance (takings)

Count XXI: Violation of procedural requirements by 1998 Ordinance (failure to provide notice)

Count XXII: Violation of Florida Public Meeting Law with respect to 1998 Ordinance

Count XXIII: Violation of statutory requirements by the 1990, 1997, and 1998 Ordinances (failure to conform with City of Lakeland's Comprehensive Plan)

Plaintiffs' request for relief in the second amended complaint was that the 1990, 1997, and 1998 Ordinances be declared void *ab initio* because of the failure to comply with procedural requirements; that the 1997 and 1998 Ordinance be declared void *ab initio* because they were enacted in violation of the Florida Public Meeting requirements; that the 1990, 1997, and 1998 Ordinances be declared void *ab initio* because they violate the First and Fourteenth Amendments; that the 1990, 1997, and 1998 Ordinances be declared to violate the Fifth and Fourteenth Amend-

ments; that a permanent injunction be entered against the enforcement of the 1990 Ordinances; that the 1990, 1997, and 1998 Ordinances be declared to fail to conform with the goals and objectives of the City of Lakeland's Comprehensive Plan; and that Plaintiffs be allowed to recover costs and attorney's fees.

On March 9, 1998, Defendant filed a motion for partial dismissal. (Docket No. 82). Defendant's motion sought dismissal of Counts I–V, on the ground that the claims were not brought within the applicable statute of limitations; Counts I–IV and VII–XI, to the extent that they sought injunctive relief, on the ground that claims for injunctive relief with regard to the 1990 and 1997 Ordinances had been rendered moot by the enactment of the 1998 Ordinance; and Counts XII and XX, on the ground that they failed to state a takings claim.

Defendant also filed a motion for summary judgment, on September 10, 1998. (Docket No. 119). Defendants sought summary judgment as to all counts of the second amended complaint.

Plaintiffs filed a motion for partial summary judgment, also on September 10, 1998. (Docket No. 121). Plaintiffs moved for summary judgment as to Counts I, II, IV, VI, IX, XIII, XV, and XVII of the second amended complaint. Plaintiffs' motion for partial summary judgment was based on the argument that the Defendant's sign ordinances were void from their inception, because the Defendant had failed to follow the procedural requirements imposed by Florida law for the passage of ordinances affected the permitted uses of land.

Defendant responded to Plaintiffs' motion for partial summary judgment. (Docket No. 135). In its response, Defendant presented exhaustive arguments that Defendant complied with Florida procedural law for the enactment of a law changing permitted uses. (*See id.,* at 3–6).

On November 13, 1998, this Court granted Defendant's motion to dismiss Counts I–V, VIII–XII, and XX of Plaintiffs' second amended complaint. (Docket No. 142). The Court granted Defendant's motion to dismiss

Counts V, XII, and XX of the second amended complaint, the takings claims, on the ground that the statute of limitations on the claims began to run at the time the 1990 ordinances were enacted, and that the claims were therefore not brought within the statute of limitations for a takings claim. (*See id.* at 5–9). The Court also dismissed Counts I–IV and VIII–XI, as to the request for injunctive relief, as being moot.

On January 7, 1999, Plaintiffs filed a motion for partial reconsideration of the November 13, 1998, Order, seeking reconsideration as to the dismissal of Counts VII and XX of the second amended complaint. (Docket No. 144). Plaintiffs argued that the dismissal of those Counts as being barred by the statute of limitations was premature, as the Court had not yet considered the argument, presented in Plaintiffs' motion for partial summary judgment, that the 1990 ordinances were void *ab initio*. Plaintiffs argued that if the Court determined that the 1990 ordinances were void from their inception, the statute of limitations on those claims would not have begun to run until a valid ordinance was passed.

On April 15, 1999, this Court entered an Order on Defendant's motion for summary judgment, Plaintiffs' motion for summary judgment, and Plaintiffs' motion for reconsideration as to the dismissal of Counts VII and XX. (Docket No. 155). With respect to Count VI, the Court held that the 1990 Ordinance was void *ab initio* due to Defendant's failure to comply with the notice requirements necessary for an ordinance affecting permitted uses to be valid. Under Florida law, if a city amends or substantially changes a proposed ordinance, the enactment process must begin "anew with full compliance with the reading and notice requirements." Op. Att'y Gen., 082–93, October 29, 1982. (*See* Docket No. 155, at 15). For that reason, the Court denied Defendant's motion for summary judgment, and granted Plaintiffs' motion for summary judgment, as to Count VI.

With respect to Count XV, the Court held that Defendant failed to comply with the requirement that it submit the 1997 Ordinance to the local land planning agency. For that reason, the Court denied Defendant's motion for summary judgment, and granted Plaintiffs' motion for summary judgment, as to Count XV.

With respect to Count XIX, the Court held that a genuine issue of material fact existed as to whether Defendant's treatment of political campaign signs relative to other temporary noncommercial signs violated the First and Fourteenth Amendments, and denied Defendant's motion for summary judgment as to that claim.

With respect to Counts VII, XIII, XIV, XVI, XVII, XVIII, XXI, and XXII of the second amended complaint, the Court granted Defendant's motion for summary judgment. With respect to Count XXIII, the Court held that it lacked subject matter jurisdiction over the claim.

In sum, in the November 13, 1998, Order, the Court dismissed Counts I–V and VIII–XII, and XX. In the April 15, 1999 Order, the Court granted summary judgment for the Defendant as to Counts VII, XIII, XIV, XVI, XVII, XVIII, XXI, and XXII. The Court also held that it lacked subject matter jurisdiction over Count XXIII. In the same Order, the Court granted Plaintiffs' motion for summary judgment as to Counts VI and XV, and held that a genuine issue of material fact, precluding summary judgment, existed as to Count XIX.

Also in the April 15, 1999, Order, the Court denied Plaintiffs' motion for reconsideration of its November 23, 1998, Order dismissing Counts VII and XX. The Court denied Plaintiffs' motion for reconsideration as being both untimely and a reiteration of arguments Plaintiff had earlier made.

## ANALYSIS

I. Defendant's Motion for Reconsideration (Docket No. 156), Plaintiffs' Motion to Strike (Docket No. 158), and Defendant's Motion to Strike (Docket No. 160).

 Defendant seeks reconsideration of the portion of this Court's April 15, 1999, Order holding that the 1990 Ordinances were void *ab initio*. The decision whether to grant or deny a motion to reconsider is at the discretion of the Court. *See American*

*Home Assurance Co. v. Glenn Estess & Assoc.,* 763 F.2d 1237, 1238–39 (11th Cir.1985). A motion to reconsider must demonstrate why the court should reconsider its decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 294 (M.D.Fla.1993). In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly. *See Pennsylvania Ins. Guar. Ass'n v. Trabosh,* 812 F.Supp. 522, 524 (E.D.Pa.1992).

 This Court has recognized three (3) grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994); *see also Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986). "With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins v. Marathon LeTourneau Co.* 130 F.R.D. 625, 626 (S.D.Miss.1990). This Court will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking. *See Government Personnel Serv., Inc. v. Government Personnel Mut. Life Ins. Co.,* 759 F.Supp. 792, 793 (M.D.Fla.1991), *aff'd,* 986 F.2d 506 (11th Cir.1993).

Defendant argues that the Court should reconsider its decision in order to correct clear error and avoid manifest injustice. Defendant argues that the Court erred in finding that Defendant did not comply with the notice requirements for valid enactment of an ordinance making changes in permitted uses when it passed the 1990 Ordinances. Additionally, Defendant argues that the Court erred in granting Plaintiffs' motion for partial summary judgment as to Count VI, be-. cause, the Defendant asserts, the Court's

November 13, 1998, Order dismissed as moot all of Plaintiffs' claims regarding the 1990 Ordinances.

Plaintiffs argue that Defendant has failed to demonstrate facts sufficient to warrant altering the Court's decision, and that the Court's holding that the Defendant violated the procedural requirements imposed by Florida law when it enacted the 1990 Ordinances was correct. Additionally, Plaintiff moves to strike the affidavit that accompanies Defendant's motion, because it presents evidence that was available to Defendant at the time Defendant responded to Plaintiffs' motion for summary judgment.

A. Motion for Reconsideration

 1. Holding that the 1990 Ordinances
Were Void *Ab Initio*

 Defendant argues that this Court made a clear error in holding that the 1990 Ordinances were void *ab initio.* A motion to reconsider on such grounds is appropriate "when the Court has patently misunderstood a party ... or has made a mistake, not of reasoning, but of apprehension." *Wendy's Int'l, Inc. v. Nu–Cape Constr., Inc.,* 169 F.R.D. 680, 684 (M.D.Fla.1996). Defendant argues that this Court's holding that the division of the original Proposed Ordinance 90–29 into the new 90–29 and 90–30 was a substantial change, requiring the notice process to start over, was such an error. Defendant argues that the division of the original Proposed Ordinance 90–29 into the new Proposed Ordinance 90–29 and Proposed Ordinance 90–30 was a merely a change in format and not a substantive change.

In support of its argument, Defendant provides the affidavit of Joseph P. Mawhinney, the City Attorney for the City of Lakeland. Mawhinney states that it is customary in the City of Lakeland that a proposed ordinance be drafted by the City Attorney, and then distributed to the members of the City Commission. Prior to receipt of a proposed ordinance, member of the City Commission have no input as to the format of a proposed ordinance. Mawhinney affies that he was the person who drafted the original Proposed Ordinance 90–29, and that, as initially drafted, the original Proposed Ordinance 90–29

was never presented to the City Commission for a public hearing. Mawhinney states that the City Commission did not intend to consider the proposed amendments to the sign ordinance in any particular format before they instructed him to divide the substance of the original Proposed Ordinance 90–29 into two proposed ordinances. Finally, he states that the new Proposed Ordinance 90–29 and Proposed Ordinance 90–30 were not considered on their merits until the evening of March 19, 1990.

Plaintiffs argue that the Court was correct in its holding. They state that the undisputed evidence before the Court demonstrated that there were substantive changes in the proposed ordinance after the time that the first notice was provided. Under Florida law, that meant that Defendant was required to begin the notice process anew. Plaintiffs point out that although Defendant characterizes the change as being merely one of format and not one of substance, the minutes from the meeting of the City Commission reveal that the vote on Proposed Ordinance 90–29 was different from the vote on Proposed Ordinance 90–30, with Proposed Ordinance 90–29 receiving more support than Proposed Ordinance 90–30 received.

■ Defendant's argument is not appropriate for a motion to reconsider. In neither its memorandum, nor the accompanying affidavit, has Defendant provided any basis for its assertion that the Court made a mistake of apprehension. The Court understood Defendant's argument; the Defendant just doesn't like the result the Court reached. The Defendant has used this motion to once again argue its earlier position. This is a misuse of a motion to reconsider. A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis of the Court's earlier decision. Nonetheless, in order to ensure that the record is crystal clear as to the reasons for the Court's holding on this issue, the Court will address the issues raised in the Defendant's motion.

■ Once again, the Court must disagree with the Defendant's assertion that the division of the original Proposed Ordinance 90–29 into two separate proposed ordinances was not a substantial change. Defendant's argument rests on the assumption that a change in the format cannot be a substantial change. A change may be *substantial,* however, without being *substantive.* Pieces of legislation routinely succeed or fail depending on attachment to other pieces of legislation. A piece of legislation that might pass if it were on its own as a separate bill may be defeated merely because it is a rider on another bill that is less popular. Conversely, pork barrel projects that only a few legislators support are routinely enacted into law because they are attached to bills that enjoy wide support. The fact that the new Proposed Ordinance 90–29 received more support than Proposed Ordinance 90–30 illustrates this point, but even if the votes with respect to the two separate ordinances had been exactly the same, the fact remains that splitting a proposed ordinance into two separate pieces of legislation is a substantial change.

Defendant argues further that the notice provided was adequate to meet the legislative intent behind Section 166.041(3)(c), because it provided sufficient notice of the proposed changes. Defendant asserts the advertisement would not have been any different if the proposed changes to the sign ordinance had originally been written as two separate proposed ordinances. The statute does not require the notice to provide the substance of the proposed ordinance, only that it will affect zoning in a particular area. Defendant states that, because the proposed changes affected the same geographic area, if Defendant had begun the notice process anew, it would have published the same advertisement as it had already published.

The Defendant makes valid policy arguments that the notice requirements imposed by Section 166.041(3)(c) may not be logical in every circumstance. Nonetheless, "[u]nder Florida law, strict compliance with the notice requirements of the state statute is a jurisdictional and mandatory prerequisite to the valid enactment of a zoning ordinance." *Southern Entertainment Co. of Florida, Inc. v. City of Boynton Beach,* 736 F.Supp. 1094, 1102 (S.D.Fla.1990). Defendant is free to present to the Florida Legislature its argu-

ment that requiring a city to begin the notice process over every time a substantial change is made to a proposed ordinance is not always necessary. This Court, however, is compelled to apply the law as it now stands. As Florida law now stands, it requires the holding that the 1990 Ordinances were void *ab initio* because the Defendant failed to comply with the notice requirements imposed by Section 166.041(3)(c).

In sum, Defendant has presented the Court with no reason to reverse its earlier ruling. Defendant made a substantial change to the original Proposed Ordinance 90–29 when it divided the proposed ordinance in two. Florida law requires that if a substantial change is made to a proposed ordinance, the notice process must begin again. There is no dispute that the notice process did not begin again after the change was made, and that the advertisements published after the change do not, standing on their own, satisfy the notice requirements of Florida law. Neither clear error nor manifest injustice is present here, and Defendant's motion to reconsider will be denied.

### 2. Consideration of Count VI

Defendant asserts that in its November 13, 1998, Order, the Court dismissed all counts of the second amended complaint concerning the 1990 Ordinances. On that basis, Defendant argues that the Court should not have addressed Count VI in its April 15, 1999, Order, because that count was moot. Count VI was based on Defendant's failure to comply with the procedural requirements with respect to the 1990 Ordinances. Defendant argues that when Plaintiffs' other claims regarding the 1990 Ordinances were dismissed, the question of whether the Defendant complied with procedural requirements in its enactment of the 1990 Ordinances became moot. Defendant argues that the Court therefore should not have considered Plaintiffs' motion for summary judgment as to Count VI. As will be discussed below, however, the validity of the 1990 Ordinances affects not only the claims based on those ordinances, but also the statute of limitations with respect to the claims based on the later ordinances. Defendant's motion to reconsider therefore will not be granted on this ground.

### B. Motions to Strike (Docket No. 158 and Docket No. 160)

Both parties have moved to strike portions of the other party's pleadings regarding the Defendant's motion to reconsider. In their response to Defendant's motion to reconsider, Plaintiffs move to have the affidavit of Joseph Mawhinney stricken. Plaintiffs argue that the affidavit is evidence that was available to the Defendant at the time the motion for summary judgment was filed, and that its introduction in connection with a motion to reconsider is therefore not appropriate.

In its reply, the Defendant moves to strike a portion of the Plaintiffs' response to its motion to reconsider. In Plaintiffs' response, Plaintiffs quote language in the minutes of the April 2, 1990, meeting of the City Commission, indicating that substantive changes were made to Proposed Ordinance 90–30 between the first and the second public hearing. The minutes were an exhibit to Defendant's motion for summary judgment, but Plaintiffs did not quote that language in its response to Defendant's motion for summary judgment, or in their own motion for partial summary judgment. Defendant argues that it is improper for Plaintiffs to raise to new evidence or arguments now in support of their motion for partial summary judgment.

Both parties have raised matters that did not belong in a motion to reconsider or a response thereto. Neither the affidavit nor the City Commission minutes is newly discovered evidence, and it is improper for parties to use a motion to reconsider to make the points they could have and should have made in their earlier pleadings. Nonetheless, both motions to strike will be denied. The matters that the parties seek to have stricken make no difference in the outcome of Defendant's motion, and the Court see no purpose in striking them after the fact.

### II. Plaintiffs' Motion for Reconsideration (Docket No. 157)

Plaintiffs move for reconsideration of the portion of the April 15, 1999, Order denying Plaintiffs' earlier motion for reconsideration

of the November 13, 1998, Order for lack of timeliness. The November 13, 1998, Order held that the statute of limitations on all of Plaintiffs' takings claims began to run with the enactment of the 1990 Ordinances. For that reason, the Court dismissed all of Plaintiffs' takings claims, Counts V, XII, and XX of the second amended complaint. Plaintiffs argue that, because the 1990 Ordinances were not validly enacted, the statute of limitations on their takings claims based on the later sign ordinances did not begin to run at the time the 1990 Ordinances were enacted.

■ First, Plaintiffs argue that the Court erred in applying to its earlier motion to reconsider the ten-day limitation on a motion to reconsider imposed by Rule 59(e). Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Plaintiffs point out that the Court's November 13, 1998, Order was not a "judgment," because it was not an "order from which an appeal lies," Fed.R.Civ.P. 54(a), but an order "which adjudicate[d] fewer than all the claims" Fed. R.Civ.P. 54(b). Therefore, Rule 59(e) does not apply to that Order. Instead, under Federal Rule of Civil Procedure 54(b), the November 13, 1998, Order "is subject to revision at any time before the entry of·judgment adjudicating all of the claims."

While Plaintiffs' point should have been made in their initial motion to reconsider, Plaintiffs' point is well taken. However, the Court gave consideration to the merits of Plaintiffs' initial motion to reconsider, despite what the Court found then to be its untimeliness, and found no reason to change its November 13, 1998, Order. As the Court stated in its April 15, 1999, Order, the allegations of the second amended complaint were not sufficient on their face to survive Defendant's motion to dismiss.

The second amended complaint did not allege that the 1990 Ordinances were void ab initio, but merely that their validity had yet to be determined. It was not until the Court was presented with the evidence and argument regarding the enactment of the 1990 Ordinances that it became clear to the Court what should have been alleged in the second amended complaint: that the 1990 Ordi-

nances were void ab initio. In deciding a motion to dismiss, a court can examine only the four corners of the complaint. See Rickman v. Precisionaire, Inc., 902 F.Supp. 232 (M.D.Fla.1995). Based on the allegations raised in the second amended complaint, dismissal of the counts presenting takings claims was proper.

Nonetheless, Plaintiffs should not be denied the opportunity to pursue their claim due to a pleading error on their part, when the facts they offered in support of their motion for summary judgment demonstrate that they may in fact have a takings claim. As will be discussed below, the Court will allow Plaintiffs the opportunity to file a third amended complaint to add claims based on Defendant's most recent changes in its sign ordinance. In the third amended complaint, Plaintiffs may include their takings claims. The claims should be amended to allege that the 1990 Ordinances were void ab initio. To the extent that being permitted to file an amended complaint that includes a takings claim grants Plaintiffs' motion to reconsider, that motion should be considered granted.

The Court will deny Plaintiffs' motion to reconsider to the extent that Plaintiffs seek a determination at this time that the statute of limitations as to the more recent sign ordinances did not begin to run at the time the 1990 Ordinances were enacted. Because Plaintiffs do not presently have a takings claim before this Court, such a decision would be premature. Moreover, the parties should have the opportunity to fully brief this issue, in the context of a motion to dismiss or motion for summary judgment.

III. Defendant's Motion for Leave to File a Supplemental Motion for Summary Judgment (Docket No. 161) and Plaintiffs' Motion for Leave to File a Third Amended Complaint (Docket No. 163).

Defendant moves for leave to file a supplemental motion for summary judgment. Defendant asserts that the recently-enacted changes to its sign ordinance have made Plaintiffs' remaining claims moot. Defendant states that the need for a trial may be

avoided if it is permitted to file a supplemental motion for summary judgment.

Plaintiffs oppose Defendant's motion. Plaintiffs do not agree that the 1999 Ordinance resolves all of their claims against Defendant, and do not concede that all procedural requirements were followed for enactment of that ordinance. Further, Plaintiffs argue that because the second amended complaint made no allegations regarding the 1999 Ordinance, and that ordinance was not the subject of discovery, a motion for summary judgment is not proper regarding that ordinance at this time. Instead, Plaintiffs seek leave to file a third amended complaint containing allegations regarding the 1999 Ordinance and to be allowed to engage in discovery regarding the 1999 Ordinance.

 Clearly, the Court must remind the parties that "[t]he prime purpose of the summary judgment procedure is to secure the just, speedy and inexpensive determination of any action." *Albatross Shipping Corp. v. Stewart*, 326 F.2d 208, 211 (5th Cir.1964). The sort of piecemeal litigation involved in repeated motions for summary judgment results instead in a waste of the party's and the Court's resources. However, the Court also recognizes that another "function of summary judgment is to avoid a useless trial." *Broadway v. City of Montgomery*, 530 F.2d 657 (5th Cir.1976). The Court sees no purpose in going to trial if in fact the amendments to Defendant's sign ordinance made in the 1999 Ordinances have resolved the remaining issues in Plaintiffs' complaint.

 Therefore, the Court will allow Plaintiffs to file a third amended complaint including allegations regarding the 1999 Ordinances, as well as the amended takings claim discussed above. Plaintiffs will have ten (10) days from the date of this Order to file an amended claim. This will be the last time this complaint may be amended. If any further changes are made in the Defendant's sign ordinance to which the Plaintiffs object, they will have to be the subject of an entirely new complaint, as there will be no further amendments allowed after that point.

The parties will have sixty (60) days from the date the third amended complaint is filed to engage in discovery, and may engage in discovery only as to the 1999 Ordinances. The Defendant will be allowed to file no more than one motion to dismiss and the parties will each be allowed to file no more than one motion for summary judgment. Any motions for summary judgment must be filed within fifteen (15) days of the conclusion of discovery.

This has the effect of granting both parties' motions. However, the parties should be aware that all of these matters are to be conducted with the greatest expedition possible, that no extensions of time will be granted, and that under no circumstances will any further requests for leave to amend the complaint or file additional motions be granted. Accordingly, it is

**ORDERED** that:

1. Defendant's motion for reconsideration (Docket No. 156) be **DENIED**; Plaintiff's motion to strike (Docket No. 158), be **DENIED**; and Defendant's motion to strike (Docket No. 160) be **DENIED**;

2. Plaintiffs' motion for reconsideration (Docket No. 157) be **GRANTED**, in part and **DENIED** in part, as discussed in this Order; and

3. Plaintiffs' motion for leave to file a third amended complaint and supporting memorandum (Docket Nos. 163) be **GRANTED**; that Plaintiffs **SHALL HAVE** ten (10) days from the date of this Order to file a third amended complaint; that Defendant's motion for leave to file a supplemental motion for summary judgment (Docket No. 161) be **GRANTED**, and that the parties **SHALL HAVE** fifteen (15) days following the conclusion of reopened discovery to file motions for summary judgment.