**John PAXTON and Janet Paxton, Plaintiffs,**

v.

**GREAT AMERICAN INSURANCE COMPANY, Defendant.**

**Case No. 08–81431–CIV–ZLOCH.**

United States District Court, S.D. Florida.

Feb. 27, 2009.

Order Denying Reconsideration April 20, 2009.

---

Matthew Reed Danahy, Shawn Bryan McMillen, Danahy & Murray PA, Tampa, FL, for Plaintiffs.

Andrew P. Rock, Kingsford & Rock PA, Maitland, FL, for Defendant.

### ORDER

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court upon Defendant's Motion For More Definite Statement Or In The Alternative Motion To Dismiss Or Abate In Favor Of Appraisal (DE 2). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiffs had an insurance policy with the Defendant. During Hurricane Wilma in 2005, their house sustained severe damage. The Defendant agreed to pay for some of the damage. But the Parties could not agree on the value of the damage and whether certain expenses the Plaintiffs incurred in repairing the damage are covered by the policy. In effort to establish liability and receive the full value of the policy Plaintiff filed suit.

In the instant Motion (DE 2) Defendant raises several issues. First, it argues that the Complaint is too vague for it to formulate an Answer, which it is not. Second, Defendant argues that Plaintiffs

must submit their claim concerning the value of the damages for an appraisal, and it moves the Court to stay these proceedings pending the resolution of the appraisal process. In response, Plaintiffs take the position that Defendant has waived its right to enforce the appraisal process against them by failing to abide by Florida Statute § 627.7015(2). Florida law requires Insurance companies to provide claimants with certain information concerning the claims process. Plaintiffs have attached their Affidavits asserting that Defendant failed to provide them with the information prescribed by Florida Law. *See* DE 4 & 5. These Affidavits are unrefuted by Defendant. Therefore, it stands as established that Defendant failed to abide by Florida Law on this issue, and it has waived its ability to invoke the appraisal process. Fla. St. § 627.7015(2). Additionally, Defendant has failed to attach a verified copy of the policy between it and Plaintiffs that spells out the conditions precedent to either party filing suit, despite indicating that one would be filed. *See* DE 2. Thus, Defendant's instant Motion is denied in all regards.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant's Motion For More Definite Statement Or In The Alternative Motion To Dismiss Or Abate In Favor Of Appraisal (DE 2) be and the same is hereby **DENIED.**

### *OMNIBUS ORDER*

THIS MATTER is before the Court upon Defendant's Motion For Reconsideration (DE 14), Plaintiffs' Motion For Summary Judgment (DE 22), Plaintiffs' Motion For Attorney's Fees and Costs (DE 21), and Plaintiffs' Motion To Strike (DE 26). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

This case was originally filed in Florida state court and was later removed to this Court. Plaintiffs had an insurance policy with the Defendant, and during Hurricane Wilma in 2005, their home sustained severe damage. The Defendant agreed to pay for some of the damage, but the Parties could not agree on the value of the damage and whether certain expenses the Plaintiffs incurred in repairing their homes were covered by the policy they had with Defendant. In an effort to establish liability and receive the full value of the damages that their property incurred Plaintiffs filed suit.

Defendant previously moved to dismiss the suit or in the alternative to have the case stayed while a formal appraisal took place. *See* DE 2. In response, Plaintiffs argued that Defendant had waived its right to enforce the appraisal process against them by failing to abide by Florida Statutes § 627.7015(2). That law requires insurance companies to provide claimants with certain information concerning the claims process. If this information is not turned over, the "insured shall not be required to submit to or participate in any contractual loss appraisal process of the property loss damage as a precondition to legal action for breach of contract against the insurer." Fla. Stat. § 627.7015(7). In support of their waiver argument, Plaintiffs attached Affidavits to the Response asserting that Defendant failed to provide them with the information prescribed by Florida Law. *See* DE Nos. 4 & 5.

In its Reply, Defendant did not respond to Plaintiffs' argument that it had waived its right to seek an appraisal. Based on Plaintiffs' argument, the statute, and the un-refuted Affidavits, the Court found that "Defendant failed to abide by Florida Law on this issue, and it has waived its ability to invoke the appraisal process. Fla. Stat. § 627.7015(2)." DE 11, p. 2. The Court

also commented on Defendant's briefing of the issues in this case, in particular its failure to provide the Court with a verified copy of the policy at issue. *Id.*

Defendant now moves the Court to reconsider its prior Order on the basis that Plaintiffs' policy is a commercial policy and therefore it is excluded from the provisions of Fla. Stat. § 627.7015(2). This argument was not previously raised by Defendant. The decision whether to grant or deny a motion to reconsider lies within the discretion of the Court. *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Florida,* 189 F.R.D. 480, 489 (M.D.Fla. 1999). A court is justified in reconsidering a prior order when (1) there is an intervening change of law; (2) new evidence is available; or (3) there is a need to correct clear error or manifest injustice. *Id.* However, at a minimum, "[a] motion to reconsider must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* (quoting *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla.1993)); *see also Socialist Workers Party v. Leahy,* 957 F.Supp. 1262, 1263 (S.D.Fla.1997). Defendant argues that in clear error the Court misapplied the waiver provision of Fla. Stat. § 627.7015(7) and that manifest injustice would result by letting it stand. The Court disagrees.

Defendant may be correct that commercial policies are excluded from the waiver provision of Fla. Stat. § 627.7015(1), but that issue was not raised in response to Plaintiffs' Response. And it was Defendant's, not anyone else's, fault that this was never raised. Moreover, its assertion is now being made under the assumption that the policy at issue is a commercial policy: there is nothing in the record that establishes this is a commercial policy. In support of its stance that the policy at issue is a commercial policy,

Defendant has submitted an Affidavit from Mark Miller, a Claims Specialist for Defendant. In it, he summarily states that the policy is a commercial farm policy. DE 12, p. 4. Plaintiffs have responded with Affidavits asserting that they do not conduct any commercial activities on their property, and that this is a residential policy or it is at best a commercial-residential policy. DE 18. Plaintiffs' Affidavits and briefing also fail to aid the Court in answering this question. Essentially, neither side has established what, under Florida law, distinguishes a commercial policy from a residential policy and how those elements are or are not met in this case.

Imprecise arguments of this sort put the Court in an awkward position: without clear briefing of the issues, the Court may rend in an inaccurate decision. Defendant has the burden to establish that the policy at issue is excluded under Fla. Stat. § 627.7015(1). The Court will not hand out legal advice on how these facts can be established, but the Court does note that Defendant's briefing on this point and its arguments in support fail to establish that the policy is a commercial policy and that this action should be stayed and referred for a formal appraisal. The Court is equally unpersuaded by the Affidavit of Mr. A.M. Beverly. Additionally, the Court is still without a certified copy of the policy. There is a Notice (DE 13) by Defendant that a policy is filed, but it is not certified: it is not signed by Plaintiffs and no Affidavit or Declaration establishes for the Court that this is the policy that was issued to Plaintiffs and is the one at issue in this suit. With this incomplete record, the Court will not establish whether this policy is a "commercial policy" as that term is understood in Florida insurance law. Therefore, Defendant has failed to meet its burden that this Court's prior

ruling was manifest error and his Motion For Reconsideration will be denied.[1]

Plaintiffs also have two other Motions pending: one for attorney's fees (DE 21) and the other (DE 22) for partial summary judgment. They were filed on the same day and are nearly identical. In both Plaintiffs request an award of attorney's fees and costs, because after this case was filed, Defendant submitted payment to Plaintiffs for repairs that were to be conducted on their barn. Plaintiffs posit that under Florida law this operates as a confession of judgment. DE 21, p. 2; DE 22, p. 2. The Court will deny the request contained in each, but for different reasons.

▮ Concerning the first Motion (DE 21), Plaintiff has failed to comply with Local Rule 7.1.A.3 of the United States District Court for the Southern District of Florida, and therefore the motion will be denied. Before a Party may file certain non-excluded motions, its attorney must confer with counsel for all parties who may be affected by the relief sought in an effort to resolve the dispute. At the time a party files a non-excluded motion, it must also file

a statement certifying either: (a) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so.

S.D. Fla. L.R. 7.1.A.3. No such statement is contained in the instant Motion. Therefore, the Court will deny the same and order Defendant to set forth the fees and costs incurred in preparing and executing its Response (DE 27) to the same.

Concerning the second Motion (DE 22), Plaintiff has failed to comply with Local Rule 7.5.D. Among the various strictures placed on litigants in federal court, particularly in this District, is the form motions for summary judgment are to take. The Court draws Plaintiffs' attention to the text of that Local Rule concerning the requisite form motions for and responses in opposition to summary judgment must take. Local Rule 7.5 states, quite clearly, that motions for summary judgment "shall be accompanied by a memorandum of law, necessary affidavits, and a concise statement of the material facts as to which the movant contends there exists no genuine issue to be tried." S.D. Fla. L.R. 7.5.A. This rule "ensure[s] that statements of material facts filed by movants and opponents shall correspond with each other in numerical order so as to make review of summary judgment motions less burdensome to the Court." Local Rule 7.5 Comments (2008 Amendment).

Plaintiffs did not attempt to comply with the Local Rule in this regard. Further, Plaintiffs did not place any evidence in the Record that can be considered on summary judgment and which would aid the Court in its findings. Fed.R.Civ.P. 56(e). The strictures of Federal Court will not be pushed aside, and this Motion (DE 22) will be denied, with leave to re-file a motion that comports with the Federal and Local Rules of Procedure.

---

1. As an aside, the Court also cautions Defendants use of affidavits and the incomplete forms that they have been submitted on. There is no indication of whether any oath was taken by the Affiant, whether the notary is from Ohio or Florida, and whether the identification is sufficient under Florida law.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion For Reconsideration (DE 14) be and the same is hereby **DENIED;**

2. Plaintiffs' Motion For Summary Judgment (DE 22) be and the same is hereby **DENIED** without prejudice;

3. Plaintiffs' Motion For Attorney's Fees and Costs (DE 21) be and the same is hereby **DENIED;**

4. Plaintiffs' Motion To Strike (DE 26) be and the same is hereby **DENIED** as moot; and

5. By *noon* on *Wednesday, April 22, 2009,* Defendant shall file a Motion for the Attorney's Fees and costs it incurred in preparation and execution of its Response (DE 27). Said Motion shall fully conform with the dictates of Local Rule 7.3.B.