[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12088
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61562-CV-TEB

HARRY L. DANOW,

                                    Plaintiff-Appellant,

versus

DAVID E. BORACK,
THE LAW OFFICE OF DAVID E. BORACK, P.A.,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern  District of Florida

_____

**(September 19, 2006)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Harry L. Danow appeals the magistrate judge's orders dismissing with prejudice, for failure to state a claim, his complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 et seq., against David E. Borack and The Law Office of David E. Borack, P.A. (collectively, "Borack"), and denying his motion to alter or amend the judgment.[1]  On appeal, Danow argues the magistrate judge erred by sua sponte dismissing his claims under 15 U.S.C. §§ 1692c and 1692d.[2]  After careful review, we vacate and remand for further proceedings consistent with this opinion.

The relevant facts are straightforward.  On September 26, 2005, Danow filed this suit alleging various violations of the FDCPA relating to Borack's attempts to collect a consumer debt, in the amount of $1,942.41, on behalf of a client.  Borack moved to dismiss all counts of the complaint, except for the claims asserting FDCPA violations under 15 U.S.C. §§ 1692c and 1692d based on certain phone calls

---

[1] The parties consented to the jurisdiction of the magistrate judge to try this matter, pursuant to 28 U.S.C. § 636(c).

[2] Danow also argues that his complaint, as clarified in his response to Defendants' motion to dismiss, stated claims under §§ 1692c and 1692d.  Although we agree that the sua sponte dismissal was in error, we decline to reach the issue of whether, in fact, Danow has stated a claim.  Instead, we leave it to the magistrate judge to make this determination in the first instance, after providing Danow with notice and an opportunity to respond, as further discussed in our analysis below.

Danow does not challenge the district court's dismissal of his claims under 15 U.S.C. §§ 1692e, 1692f, or 1692g.  Accordingly, he has abandoned any argument concerning the dismissal of those claims.  See Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1296 n. 19 (11th Cir. 2001).

concerning the consumer debt.  In the complaint, Danow had alleged he requested Borack, in a letter dated October 14, 2004, to cease communications with him concerning the consumer debt and that, subsequent to that date, Danow contacted him concerning the debt, on numerous occasions by phone.  As to the claims under §§ 1692c and 1692d, rather than moving to dismiss them for failure to state a claim, Borack moved for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, asserting that the complaint did not allege sufficient facts concerning the timing of the alleged phone calls.

In his Opposition to the motion for a more definite statement, Danow argued that the FDCPA did not require him to allege the specific dates of the phone calls so long as the calls came after his written request to Borack.  Borack then filed a Reply to Danow's Opposition, in which he (Borack) responded only to Danow's arguments in opposition to the motion to dismiss the other counts, but did not respond to Danow's arguments in opposition to the motion for a more definite statement as to the claims under §§ 1692c and 1692d.  Borack stated: "[a]ny of Plaintiff's arguments not addressed herein are omitted so as to not reargue Defendants' Motions in compliance with the local rules and for each such argument the Defendants refer to Court back to the Motions themselves."

The district court granted Borack's motion to dismiss, addressing the parties' arguments concerning the claims for which Borack sought dismissal for failure to state a claim. On the last page of the order, in footnote 4, the court said: "The Court finds plaintiff's allegations with respect to alleged telephone calls insufficient to state a cause of action under 15 U.S.C. § 1692c. Accordingly, plaintiff's allegations with respect to this claim are dismissed thereby rendering it unnecessary to address defendant's motion for a more definite statement." To the extent Danow asserted a claim under § 1692d, the district court did not mention the claim or otherwise analyze it. The district court dismissed the case with prejudice.

Danow then moved to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, highlighting that the court had not addressed the § 1692d claim. He also argued that he had not had the opportunity to address the underlying merits of the § 1692d claim prior to its dismissal because Borack never asserted that he had failed to state a claim under that section, instead only asking for a more definite statement. The district court denied Danow's motion to alter or amend "except to the extent that footnote 4 of this Court's January 24, 2006 Order is hereby amended to further include the finding that plaintiff's allegations with respect to alleged telephone calls are insufficient to state a cause of action for harassment under 15 U.S.C. § 1692d." This appeal followed.

4

On appeal, Danow argues the district court erred when, in the course of deciding Borack's motion to dismiss the other claims, the court also reached the issue of whether the complaint stated claims under §§ 1692c and 1692d, for which Borack did not seek dismissal and asked only for a more definite statement of the underlying facts. Danow says that the sua sponte dismissal was erroneous because (1) Borack had not yet filed an answer and thus, under Federal Rule of Civil Procedure 15(a), Danow was still free to amend the complaint as of right; (2) the §§ 1692c and 1692d claims were brought in good faith and were not vexatious or patently frivolous; and (3) the district court provided him with no notice of its intent to dismiss the §§ 1692c and 1692d claims, despite that Borack had not asked for such a remedy. Borack responds that Danow had sufficient notice of the possibility that the claims would be dismissed by virtue of Borack's motion for a more definite statement.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 10(b), in turn, requires that the allegations of a claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and][e]ach claim found upon a separate transaction or occurrence . . . shall be stated in a separate count." Fed. R. Civ. P. 10(b).

The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading." Byrne v. Nezhat, 261 F.3d 1075, 1129-30 (11th Cir.2001). We have explained that, because "shotgun" pleadings present an unfair burden on a defendant, the plaintiff should be required to provide a more definite statement of his complaint:

> [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. Under the Federal Rules of Civil Procedure, a defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where . . . the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses."

Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996) (footnote omitted)(quoting Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)).

Here, to the extent Danow's §§ 1692c and 1692d claims were akin to "shotgun pleadings" -- that is, Borack argued he was unable to file a responsive pleading because the complaint's allegations concerning the phone calls were ambiguous -- Borack's moved for a more definite statement as to those claims -- a course consistent

with our precedent.  Id. ; see also Barnett v. Bailey, 956 F.2d 1036, 1043 (11th Cir. 1992) ("[W]here . . . a complaint may not have contained sufficient information to allow a responsive pleading to be framed, 'a district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.'" (quoting Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985))).  However, Borack did not request dismissal of the §§ 1692c and 1692d claims and thus, the district court's order dismissing these claims for failure to state a claim was entered sua sponte.

In Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524 (11th Cir.1983), we specifically prohibited such a sua sponte dismissal in the following circumstances: (1) the defendant had not filed an answer and, thus, the plaintiff still had a right under Fed. R. Civ. P. 15(a) to amend the complaint; (2) the plaintiff's claim was brought in good faith and was not vexatious or patently frivolous; and (3) the district court had provided the plaintiff with neither notice of its intent to dismiss the complaint nor an opportunity to respond.  Id. at 527; cf. Neitzke v. Williams, 490 U.S. 319, 330 n. 8 (1989) (declining to decide whether a district court possesses the ability to sua sponte dismiss a complaint under Rule

12(b)(6).[3]  All of the foregoing factors are present here.[4]  Accordingly, pursuant to our controlling case precedent, we reverse and remand the district court's <u>sua</u> <u>sponte</u> dismissal of the §§ 1692c and 1692d claims.  On remand, the district court must provide notice of its intent to dismiss the claims for failure to state a claim and an opportunity for Danow to respond prior to dismissing the claims.

**REVERSED AND REMANDED.**

---

[3]On the record before us, we discern no indication, and Borack does not contend, that the exception to this rule, for frivolous or vexatious suits, applies here.

[4] We are unpersuaded by Borack's assertion that Danow had notice that his entire complaint could be dismissed, by virtue of Borack's motion for a more definite statement.  In fact, we find just the opposite to be true.  Given Borack's decision to ask for a different remedy as to the §§ 1692c and 1692d claims -- a more definite statement, rather than dismissal -- and to isolate and treat those claims differently, it would be perfectly reasonable for Danow to think that Borack did <u>not</u> seek dismissal of those claims.