**INSTITUTO DE PREVISION MILITAR, Plaintiff,**

v.

**LEHMAN BROTHERS, INC., Defendant.**

**No. 05–22827–CIV.**

United States District Court, S.D. Florida.

April 27, 2007.

Order Denying Reconsideration May 25, 2007.

---

Jonathan Cohen, Esq., Dario A. Perez, Esq., Sandra M. Upegui, Esq., Shutts & Bowen, LLP, Miami, FL, for Plaintiff.

Christian Bartholomew, Esq., Morgan Lewis & Bockius LLP, Miami, FL, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon the Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Case (DE # 61).

UPON CONSIDERATION of the Motion and being otherwise fully advised in the premises, the Court enters the following Order.

## I. Background

Plaintiff Instituto de Prevision Militar ("Plaintiff" or "IPM") is a quasi-governmental agency of the Republic of Guatemala that, *inter alia,* manages the pension funds for members of the Guatemalan Armed Forces. Ancillary Compl., ¶ 2. Beginning in July 2001, non-party Pension Fund of America ("PFA") solicited the board of directors of IPM to open a "retirement trust account" with Lehman Brothers using the pension funds. *Id.* ¶ 11. The principals of PFA were young and inexperienced, and their services were allegedly marketed to IPM acting as agents of Lehman Brothers. *Id.* ¶ 12. IPM invested $28,650,858.85 with Lehman Brothers. *Id.* ¶ 14. Lehman Brothers invested IPM's money with PFA, which was carrying out an embezzlement and money laundering scheme. *Id.* ¶¶ 11–18.

On November 26, 2002, IPM filed a lawsuit in Florida state court against PFA, alleging twelve claims for relief.[1] The Miami–Dade Circuit Court issued an ex parte temporary injunction against PFA, but it did not take effect because IPM could not post the requisite $5,000,000.00 bond. As a result of the Florida state court action, IPM subpoenaed several financial institutions holding PFA funds, including Lehman Brothers. *Id.* ¶ 59. Based on the lawsuit, past dealings, and other information, IPM wanted to liquidate its account; Cornide instructed Lehman Brothers to do so. *Id.* ¶ 60. On February 10, 2003, Circuit Judge Maxine Cohen

---

1. The claims were: (1) Conversion; (2) Unjust Enrichment; (3) Temporary Injunction; (4) Constructive Trust; (5) Breach of Contract; (6) Fraud; (7) Breach of Fiduciary Duty; (8) Fraud in the Inducement; (9) Civil Conspiracy; (10) Violation of Fla. Stat. § 517.12; (11) Violation of Fla. Stat. § 517.301; (12) Accounting.

Lando granted a motion by IPM to compel Lehman Brothers to liquidate all of IPM's funds and transfer them to a trust account at Shutts & Bowen, LLP. *Id.* ¶ 62. Due to IPM's inability to recover all of its fund monies, and upon learning of the Securities and Exchange Commission's action against PFA, Cornide, and De La Riva, IPM filed this lawsuit. *See id.* ¶¶ 63–69, 71.

IPM is also a plaintiff in the related class action *Cordova, et al. v. Lehman Brothers, Inc.,* 05–CIV–21169–MOORE/GARBER (S.D.Fla.) and the related action *Instituto de Prevision Militar v. Merrill Lynch,* 05–CIV–22721–MOORE/GARBER (S.D.Fla.). On February 10, 2006, this Court issued a Consolidation Order (DE # 31) in this case consolidating these three related cases for the purposes of discovery.

In each of these three related actions, this Court has held that the Securities Litigation Uniform Standards Act ("SLUSA") preempts all state law based claims in each complaint. (e.g., DE # 60). IPM brought the instant Motion for Reconsideration (DE # 61), an identical Motion for Reconsideration (DE # 75) in 05–CIV–22721–MOORE/GARBER, and another Motion for Reconsideration (DE # 61) in 05–CIV–22721–MOORE/GARBER. IPM argues that these two actions are not "covered class actions" under the SLUSA, and the Court erred in dismissing these two cases.

## II. *RECONSIDERATION STANDARD*

■ The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Socialist Workers Party v. Leahy,*

957 F.Supp. 1262, 1263 (S.D.Fla.1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D.Fla.1993) (citations omitted).

## III. *ANALYSIS*

Plaintiff argues that this Court erred in its Order Dismissing the Complaint (DE # 60) by holding that the instant case is a "covered class action" under the SLUSA. First, Plaintiff argues that it is the sole plaintiff and counts as "one person" under the SLUSA; therefore, this action is not a class action at all, but an individual lawsuit. Pl. Resp. at 3–8. In the alternative, Plaintiff argues that because it is seeking damages for the entity and not on behalf of a class, this action is more like a shareholder derivative suit and should fall under the SLUSA exception excluding shareholder derivative suits from being covered by the SLUSA.

### A. Covered Class Action Under SLUSA

■ For the purposes of determining whether an action is a "covered class action" under the SLUSA, "a corporation, investment company, pension plan, partnership, or other entity, shall be treated as one person or prospective class member, but only if the entity is not established for the purpose of participating in this action." 15 U.S.C. § 78bb(f)(5)(D). Plaintiff is a quasi-governmental agency of the Republic of Guatemala that manages the pension fund for some 12,000 present and former members of the Guatemalan Armed Forces. Ancillary Compl., ¶ 2. In several places in its Ancillary Complaint, Plaintiff

does refer to IPM's funds, IPM's property, IPM's damages, etc. Pl. Mot. at 6–7 (citing paragraphs in its Ancillary Complaint). In connection with its Motion, Plaintiff submits a Declaration of Colonel Carlos Roberto Moran Rosales, General Manager of IPM. (DE # 62). With this declaration, Plaintiff asserts it is not acting in a representative capacity, nor seeking damages on behalf of the pensioners, but is acting only on behalf of itself and any recovery would go to IPM, not to any individual pensioners. Pl. Mot. at 8. In this light, Plaintiff appears to be one entity bringing an individual lawsuit.

However, according to 15 U.S.C. § 78bb(f)(5)(B)(i), a covered class action includes a single lawsuit in which "damages are sought on behalf of more than 50 persons or prospective class members," or a lawsuit in which "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties." So even if Plaintiff counts as just "one person," if they are merely the named plaintiff seeking damages on a representative basis on behalf of other unnamed parties, then they would still be covered by 15 U.S.C. § 78bb(f)(5)(B)(i). As recognized on page six of this Court's Order (DE # 60), "Plaintiff has continuously claimed that it represents the interests of a large class of Guatemalan military pensioners whose pension funds were lost by the malfeasance of Defendant." In a related case, Defendant Merrill Lynch points to instances of what appears to be Plaintiff arguing that it represents the pensioners when it suits Plaintiff's position. *Instituto de Prevision Militar v. Merrill Lynch*, 05–CIV–22721–MOORE/GARBER, DE # 82, at 5 (S.D.Fla.). While Plaintiff's argument that this action is not a "covered class action" under 15 U.S.C. § 78bb(f)(5)(B)(i) is persuasive in some respects, this Court is satisfied that Plaintiff has not made the stronger showing required to demonstrate clear error or manifest injustice as required for reconsideration.

Further, even if we assume this action does not qualify as a "covered class action" under 15 U.S.C. § 78bb(f)(5)(B)(i), it does qualify as a "covered class action" under 15 U.S.C. § 78bb(f)(5)(B)(ii). According to 15 U.S.C. § 78bb(f)(5)(B)(ii), the term "covered class action" includes:

[A]ny group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—

(I) damages are sought on behalf of more than 50 persons; and

(II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

Courts have applied 15 U.S.C. § 78bb(f)(5)(B)(ii) to find an action that would otherwise be an individual lawsuit qualifies as a "covered class action" when it has been joined with another qualifying action even if only for pretrial or discovery purposes. *In re WorldCom, Inc. Sec. Litig.*, 308 F.Supp.2d 236 (S.D.N.Y.2004) (where ten non-class actions were transferred to the same court in which a related class action was pending, and consolidated "for pretrial purposes," the non-class actions were a covered group of lawsuits for purposes of SLUSA preemption.); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, No. H–01–3624, 2006 WL 3716669 (S.D.Tex. Dec.12, 2006) (holding SLUSA preemption proper where there were several similar complaints of exclusively state law claims filed by fewer than fifty plaintiffs in each action, but consolidated or coordinated for pretrial purposes); *Gordon Partners v. Blumenthal*, No. 02–Civ–7377(LAK)(AJP), 2007 WL 431864 (S.D.N.Y. Feb. 9, 2007) (Magistrate Judge recommending that individual action be considered a "covered class action" for SLUSA preemption, where the individual

action had been consolidated with a related covered class action for pretrial purposes.).

Here, a group of three related lawsuits are "pending in the same court" as required by 15 U.S.C. § 78bb(f)(5)(B)(ii), namely the instant action, *Instituto de Prevision Militar v. Merrill Lynch,* 05–CIV–22721–MOORE/GARBER (S.D.Fla.), and *Cordova, et al. v. Lehman Bros., Inc.,* 05–CIV–21169–MOORE/GARBER (S.D.Fla.). There can be no doubt that this element is satisfied because the three cases are all pending in the Southern District of Florida before the same Judge.

These three lawsuits share "common questions of law or fact" as required by 15 U.S.C. § 78bb(f)(5)(B)(ii). Each of the complaints arise out of the same underlying facts regarding involvement in a fraudulent scheme perpetrated by Pension Fund of America and its affiliated entities and principals to defraud thousands of PFA's investors out of millions of dollars. Ancillary Compl., ¶¶ 11–18 ("Factual Background"). In explaining why the Court has ancillary jurisdiction over the claims in this action, Plaintiff admits that "[t]his action is also related to the ancillary action ... [*Cordova, et al. v. Lehman Bros., Inc.*] Case No. 05–21169–CIV–MOORE (S.D.Fla.)." Ancillary Compl., ¶ 7. That there are common questions of law is illustrated by Plaintiff's Notice of Adopting in its entirety the instant Motion for Reconsideration in the Merrill Lynch action. *Merrill Lynch,* 05–CIV–22721, DE # 75. Additionally, Plaintiff has called these "combined related cases" and stated that "this Court should be consistent in its treatment of these related cases and its considerations of the law and arguments cited therein in rendering its decision in the respective related cases." *Merrill Lynch,* 05–CIV–22721, DE # 83, at 3.

At least the *Cordova* action clearly involves a class action in which "damages are sought on behalf of more than 50 persons" as required by 15 U.S.C. § 78bb(f)(5)(B)(ii)(I). *Cordova, et al. v. Lehman Bros.,* 413 F.Supp.2d 1309 (S.D.Fla.2006) (plaintiffs "brought this suit on behalf of themselves and other unnamed parties similarly situated ... alleg[ing] that the Class includes approximately 3,400 investors.").

Finally, this group of lawsuits satisfies the requirement that the "the lawsuits [be] joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 78bb(f)(5)(B)(ii)(II). Consolidation only for pretrial purposes or for discovery still satisfies this requirement because the lawsuits may be consolidated for "any purpose." *In re WorldCom, Inc. Sec. Litig.,* 308 F.Supp.2d 236, 245–6 (S.D.N.Y. 2004); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.,* No. H–01–3624, 2006 WL 3716669, *7 (S.D.Tex. Dec.12, 2006); *Gordon Partners v. Blumenthal,* No. 02–Civ–7377(LAK)(AJP), 2007 WL 431864, *17–18 (S.D.N.Y. Feb. 9, 2007).

On February 10, 2006, this Court issued a Consolidation Order (DE # 31) in this case stating, "Case No. 05–22721–CIV–MOORE is consolidated with Case No. 05–21169–CIV–MOORE and Case No. 05–22827–CIV–MOORE for purposes of discovery only." Additionally, Plaintiff has referred to these cases as "combined related cases." *Merrill Lynch,* 05–CIV–22721, DE # 83, at 3.

As discussed above, all of the elements required by 15 U.S.C. § 78bb(f)(5)(B)(ii) are met; therefore, these three related cases qualify as a group of lawsuits that are "covered class actions." Additionally, Plaintiff has not raised any new argument, not previously considered, why the "retirement trusts" at issue would not be "covered securities" under the SLUSA, and this Court believes that its reasoning that such trusts are "covered securities" is still correct. *See Cordova,* 413 F.Supp.2d at

1316–17. Further, Plaintiff has not raised any new argument, not previously considered, why the claims at issue might not involve a misrepresentation in connection with the purchase or sale of covered securities, and this Court believes that its reasoning addressing this in *Cordova* is still correct and applicable. *See Cordova,* 413 F.Supp.2d at 1318–20. Therefore, SLUSA preemption of state-law claims was and is warranted.

### B. Exceptions to SLUSA

■ The term " 'covered class action' does not include an exclusively derivative action brought by one or more shareholders on behalf of a corporation." 15 U.S.C. § 78bb(f)(5)(C). Also, *Arlia v. Blankenship* held that a shareholder derivative suit was not a "covered class action," rejecting the defendants' argument that the court should look behind to the underlying purpose of the lawsuit and consider the lawsuit a class action seeking recovery on behalf of a class of shareholders, not just the corporation. 234 F.Supp.2d 606, 609–13 (S.D.W.Va.2002). In *Arlia,* the plaintiffs originally styled the lawsuit as a shareholder derivative suit and claimed they sought recovery only on behalf of the corporation. *Id.* The court held that any recovery would go to the corporation, and the plain language of the statute excludes shareholder derivative suits. *Id.* at 612–13.

This is the first time Plaintiff has argued that it might fall under the shareholder derivative suit exception. Plaintiff argues that because it seeks damages on behalf of an entity company and not the individual pensioners, that this is more like a shareholder derivative suit than a class action. However, a shareholder derivative suit is a special type of lawsuit with special requirements, including the demand requirement. *See* Fed.R.Civ.P. 23.1 (laying out requirements for shareholder derivative suit); *Kamen v. Kemper Financial Services,*

*Inc.,* 500 U.S. 90, 95–96, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991). Plaintiff has not styled its action as a shareholder derivative suit, nor has it alleged that it has met the requirements to qualify as a shareholder derivative suit as set out in Federal Rule of Civil Procedure Rule 23.1. Plaintiff does not call itself a corporation, nor indicate that it has shareholders. Therefore, Plaintiff does not qualify for this special exception to SLUSA preemption.

■ Plaintiff does not raise any new argument, not previously considered, why the "State pension plan" exception in 15 U.S.C. § 78bb(f)(3)(B) should apply. This Court still believes, as stated previously, that this exception only applies to pension plans of states in the United States. This is clear from reading the SLUSA in the context of its purposes to address problems that arose from the differences in bringing lawsuits in individual U.S. state courts versus U.S. Federal courts and the conflict between individual U.S. states' law and federal law. In context, this individual exception is addressing the preservation of U.S., state court causes of action in U.S. state courts for the U.S. state pension funds. *See* 15 U.S.C. § 78bb(f)(3)(B).

■ Plaintiff also argues that it falls under the exception for issues of "individualized reliance" pursuant to 15 U.S.C. § 78bb(f)(5)(B)(i)(I). This Court is not convinced that Plaintiff has sufficiently alleged individualized reliance. After reviewing the Complaint, it does not appear that there are any allegations that the individual IPM investors have issues of individual reliance on the alleged misstatements or omissions. Additionally, this exception only applies to class actions covered under 15 U.S.C. § 78bb(f)(5)(B)(i)(I), but as discussed above this lawsuit qualifies as a "covered class action" under 15 U.S.C. § 78bb(f)(5)(B)(ii), so the exception does not control.

## C. Sua Sponte Dismissal

■ Finally, Plaintiff argues that this Court's Order (DE # 60) constituted an improper *sua sponte* dismissal by the Court. Pl. Mot. at 8–9 (citing *Danow v. Borack,* 197 Fed.Appx. 853 (11th Cir.2006); *Jefferson Fourteenth Assocs. v. Wometco De Puerto Rico, Inc.,* 695 F.2d 524 (11th Cir.1983); *Chute v. Walker,* 281 F.3d 314, 319 (1st Cir.2002)). However, the cited cases rely heavily on the fact that the plaintiffs never had an opportunity to address the issues and that the complaints were dismissed with prejudice and without leave to amend. *Id.* Further, the Eleventh Circuit cases relied heavily on the fact that there had not been an answer to the complaint, so the plaintiffs still had a special right under Fed.R.Civ.P. 15(a) to amend the complaint. *Danow,* 197 Fed.Appx. at 856; *Jefferson,* 695 F.2d at 527.

The facts in this case are very different from those in the cited cases. Even though the SLUSA preemption ground for dismissal may not have been raised in this particular action, Plaintiff has had an opportunity to respond and/or has been heard on these issues when they were raised in the two related cases *Instituto de Prevision Militar v. Merrill Lynch,* 05–CIV–22721–MOORE/GARBER (S.D.Fla.), and *Cordova, et al. v. Lehman Brothers, Inc.,* 05–CIV–21169–MOORE/GARBER (S.D.Fla.). And as Plaintiff states, "this Court should be consistent in its treatment of these related cases and its considerations of the law and arguments cited therein in rendering its decision in the respective related cases." *Merrill Lynch,* 05–CIV–22721, DE # 83, at 3. Plaintiff has even had an opportunity to respond to the issue of this case being a "covered class action" under § 78bb(f)(5)(B)(ii) which was raised, at least, in Merrill Lynch's Response to this Motion. *Merrill Lynch,* 05–CIV–22721, DE # 82, at 7–8. Further, at the time of dismissal, answers had been filed in each of the cases, thus preempting amendment as a matter of right under Fed.R.Civ.P. 15(a). Nonetheless, the Court's Order did not close this case; rather, the Court generously granted the Plaintiff leave to amend its complaint in the Order of Dismissal (DE # 60).

## IV. *Conclusion*

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Case (DE # 61) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff may file an amended complaint within **ten (10)** days of entry of this Order. It is further

ORDERED AND ADJUDGED that the Motion for Hearing (DE # 29) and Motion for Clarification (DE # 51) are DENIED AS MOOT.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER: DISMISSING CASE WITH PREJUDICE

THIS CAUSE came before the Court upon the Plaintiff's Motion for Entry of Order Dismissing Amended Complaint with Prejudice or, Alternatively, for Reconsideration (DE # 73).

UPON CONSIDERATION of the Motion and being otherwise fully advised in the premises, the Court enters the following Order.

## I. *Background*

Plaintiff Instituto de Prevision Militar ("Plaintiff" or "IPM") is a quasi-governmental agency of the Republic of Guatemala that, *inter alia,* manages the pension funds for members of the Guatemalan Armed Forces. Ancillary Compl., ¶ 2. Beginning in July 2001, non-party Pension

Fund of America ("PFA") solicited the board of directors of IPM to open a "retirement trust account" with Lehman Brothers using the pension funds. *Id.* ¶ 11. The principals of PFA were young and inexperienced, and their services were allegedly marketed to IPM acting as agents of Lehman Brothers. *Id.* ¶ 12. IPM invested $28,650,858.85 with Lehman Brothers. *Id.* ¶ 14. Lehman Brothers invested IPM's money with PFA, which was carrying out an embezzlement and money laundering scheme. *Id.* ¶¶ 11–18.

On November 26, 2002, IPM filed a lawsuit in Florida state court against PFA, alleging twelve claims for relief.[1] The Miami–Dade Circuit Court issued an ex parte temporary injunction against PFA, but it did not take effect because IPM could not post the requisite $5,000,000.00 bond. As a result of the Florida state court action, IPM subpoenaed several financial institutions holding PFA funds, including Lehman Brothers. *Id.* ¶ 59. Based on the lawsuit, past dealings, and other information, IPM wanted to liquidate its account; Cornide instructed Lehman Brothers to do so. *Id.* ¶ 60. On February 10, 2003, Circuit Judge Maxine Cohen Lando granted a motion by IPM to compel Lehman Brothers to liquidate all of IPM's funds and transfer them to a trust account at Shutts & Bowen, LLP. *Id.* ¶ 62. Due to IPM's inability to recover all of its fund monies, and upon learning of the Securities and Exchange Commission's action against PFA, Cornide, and De La Riva, IPM filed this lawsuit. *See id.* ¶¶ 63–69, 71.

IPM is also a plaintiff in the related class action *Cordova, et al. v. Lehman Brothers, Inc.,* 05–CIV–21169–MOORE/GARBER (S.D.Fla.) and the related action *Instituto de Prevision Militar*

*v. Merrill Lynch,* 05–CIV–22721–MOORE/GARBER (S.D.Fla.). On February 10, 2006, this Court issued a Consolidation Order (DE # 31) in this case consolidating these three related cases for the purposes of discovery.

In each of these three related actions, this Court has held that the Securities Litigation Uniform Standards Act ("SLUSA") preempts all state law based claims in each complaint. (e.g., DE # 60). IPM filed an Amended Complaint (DE # 72) including similar state law claims. IPM brought the instant Motion for Reconsideration (DE # 73). IPM raises no new arguments in support of reconsideration.

## II. *ANALYSIS*

The applicable standard for a motion for reconsideration is that the moving party "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Socialist Workers Party v. Leahy,* 957 F.Supp. 1262, 1263 (S.D.Fla.1997) (internal quotation and citations omitted). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294, 295 (M.D.Fla.1993) (citations omitted).

In this most recent Motion for Reconsideration, the Plaintiff raises no new issues to warrant reconsideration. Therefore, reconsideration is not warranted. The Court

---

1. The claims were: (1) Conversion; (2) Unjust Enrichment; (3) Temporary Injunction; (4) Constructive Trust; (5) Breach of Contract; (6) Fraud; (7) Breach of Fiduciary Duty; (8) Fraud in the Inducement; (9) Civil Conspiracy; (10) Violation of Fla. Stat. § 517.12; (11) Violation of Fla. Stat. § 517.301; (12) Accounting.

notes that Plaintiff's Amended Complaint does not comply with this Court's Orders (most recently DE # 67) indicating that state law claims are preempted by SLU-SA. The Court has given Plaintiff a couple of opportunities to amend its complaint to comply with the Court's Orders, but Plaintiff again fails to comply. The Court finds that dismissal of the Amended Complaint with Prejudice is now warranted.

### III. *Conclusion*

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Order Dismissing Amended Complaint with Prejudice or, Alternatively, for Reconsideration (DE # 73) is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Amended Complaint (DE # 72) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.